George Peter **THEOBALD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20928.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1967.

Harry D. Steward, of Steward & Murphy, San Diego, Cal., for appellant.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Appellant was convicted of conspiring with Martin Gold and others to import marihuana into the United States illegally, and aiding and abetting Mr. Gold in such importation.

Mr. Gold testified that at appellant's behest he smuggled forty-four pounds of marihuana belonging to appellant into the United States from Mexico on April 13, 1963. Appellant denied any participation in the transaction and sought to establish an alibi.

I

Over appellant's objection, Ronna Adrian was permitted to testify that during the month of April, on a date "very close" to the time of the illegal importation, she and appellant had a discussion about Miss Adrian buying marihuana from appellant.

This evidence was offered to show motive—that appellant had reason to import a substantial quantity of marihuana because he was engaged in the sale of marihuana. The testimony was relevant for this purpose.

The testimony was not necessarily inadmissible because it revealed reprehensible conduct by appellant other than that with which he was charged. Moore v. United States, 150 U.S. 57, 61, 14 S.Ct. 26, 37 L.Ed. 996 (1893). However, it should have been excluded if its probative value was outweighed by prejudice attributable to the disclosure of misconduct unrelated to the charge. De Vore v. United States, 368 F.2d 396 (9th Cir. 1966).

The testimony was no doubt highly prejudicial since it tended to show that appellant was a commercial dealer in marihuana. But this prejudice was inherent in any proof of the charge since the quantity of marihuana allegedly imported (44 pounds) necessarily implied commercial rather than personal use.[1] And the evidence was important to the government, for without it the prosecution's case rested largely upon the uncor-

---

[1] Appellant does not contend that the evidence exposed him to unfair surprise. "[I]t is plain that this class of facts does not range over the whole scope of the defendant's life (as character-evidence of particular misconduct would), but bears only on the immediate antecedents and concomitants in time of the act charged,— plan, knowledge, motive, intent, and the like; and there is thus ample warning beforehand of this scope of the inquiry." 1 Wigmore, Evidence § 216, p. 713 (3d ed. 1940).

roborated testimony of Mr. Gold whose credibility was heavily attacked.

■ The testimony was admissible despite the fact that it concerned a sale of marihuana rather than a conspiracy to smuggle, or aiding and abetting illegal importation. The requirement that other offenses sought to be proved be similar to the offense charged applies only where the likeness gives the evidence its probative value—as where the repeated commission by the accused of crimes similar to that charged is offered to prove intent by negating the possibility of innocent mistake. See Enriquez v. United States, 314 F.2d 703, 717 (9th Cir. 1963); 2 Wigmore, Evidence § 302, p. 200 (3d ed. 1940). As noted, Miss Adrian's testimony was relevant because it established a reason for appellant's participation in the illegal importation and thus rendered his participation more likely. For this purpose it made no difference that the attempted sale and the illegal importation were in themselves dissimilar incidents.

■ Appellant argues that the jury should have been told that Miss Adrian's testimony was to be considered only if the jury first concluded from independent evidence that appellant did the acts charged. The instruction might have been appropriate if Miss Adrian's testimony were offered to prove appellant's intent. Here, however, it was offered to establish that appellant did the acts charged.

## II

Sgt. Beckmann of the Los Angeles Police Department, having probable cause to believe that appellant had been selling marihuana at his home,[2] went there to question him. Four other officers accompanied Sgt. Beckmann. Appellant came to the door in response to an officer's knock. The officers identi-

fied themselves. One of several persons sitting in appellant's front room seized an object from the table and ran toward a bedroom. Sgt. Beckmann forced his way into the room and pursued the running man. Marihuana was found in the bedroom. Appellant and the others present in his apartment were arrested. Following the arrests, the officers found and seized a list containing the names and telephone numbers of Martin Gold and a Mr. Restuccia. In the course of subsequent questioning, appellant denied knowing the two men, although confronted by the fact that their names appeared on the list. At trial Sgt. Beckmann was permitted to testify to the seizure of the list, its use in the questioning of appellant, and appellant's denial that he knew Mr. Gold or Mr. Restuccia.[3]

■■ We agree with appellant that if the entry, search and seizure were unlawful, appellant's subsequent false denials were excludable fruits of the officers' illegal conduct. Wong Sun v. United States, 371 U.S. 471, 484–486, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, the entry was proper because it was supported by probable cause to believe that contraband was present and threatened with imminent destruction (Ker v. State of California, 374 U.S. 23, 37–41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963)); the search was proper as incident to a lawful arrest (Preston v. United States, 376 U.S. 364, 367, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964)); and the seizure was proper because the list was an instrumentality of the unlawful conspiracy among appellant and his confederates. Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Angello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145 (1925); and see People v. Winston, 46 Cal.2d 151, 293 P.2d 40, 42, 46–47 (1956).

Affirmed.

---

2. A fellow officer investigating appellant's activities so advised Sgt. Beckmann.

3. As noted earlier, Mr. Gold testified that he imported the 44 pounds of mari-

huana pursuant to an arrangement with appellant. There was ample evidence that appellant in fact knew Mr. Restuccia, and the car used to import the marihuana belonged to Mr. Restuccia.