**COMMONWEALTH of Kentucky, Appellant,**

v.

**Joseph Herbert HAGAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

**262**

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellant.

James L. Avritt, Lebanon, for appellee.

OSBORNE, Judge.

■ This is an appeal by the Commonwealth from an order of the Taylor Circuit Court dismissing an indictment. The basis of the action of the trial court was that evidence seized at the time of the arrest was obtained as a result of an illegal search and, therefore, was inadmissible upon the prosecution of the case.[1] This determination was made at a preliminary hearing prior to the impaneling of a jury. We are of the opinion that the search of the automobile was legal and the evidence admissible, therefore, the judgment will have to be reversed. The facts upon which the trial court acted are as follows:

On March 4, 1969, certain police officers of Marion County, Kentucky, observed the defendant loading a large quantity of alcoholic beverages into an automobile at a spot known as "68 Liquors" on West Main Street in Lebanon. The material loaded consisted of 564 one-half pint bottles of various brands of whiskey, gin and vodka. Upon observation of the defendant the police officers by radio notified the sheriff of Taylor County, Paul McCubbin, of the defendant's activities and also that the defendant was headed out Kentucky Highway 208 in the direction of Campbellsville. Radio contact with the sheriff was maintained and he was kept advised of the defendant's location and progress along this road. After defendant had proceeded into Taylor County, Sheriff McCubbin intercepted and stopped his automobile as a result of the information received in the radio communications. As the sheriff approached defendant's automobile, he observed several boxes of alcoholic beverages with beverage labels on them. After making this observation, the sheriff returned to his cruiser where the Taylor County Judge was seated. He made an affidavit for a search and the Judge issued a search warrant. On the basis of this warrant, Sheriff McCubbin searched the automobile and seized the contraband. Sheriff McCubbin then placed the defendant under arrest, charged him with illegal transportation of alcoholic beverages in local option territory for the purpose of sale, and seized the beverages.

It is conceded by the Commonwealth and the defendant in this case that the search warrant issued by the County Judge is fatally defective and insufficient to support the search. The validity of the search warrant is no longer an issue and we do not deal with it.

---

1. Unlawful search is not [1] sufficient grounds upon which to dismiss an indictment. It will only justify a motion to suppress the illegal evidence. However, here, apparently the Commonwealth concedes without this evidence it has no case.

The trial court was of the opinion that the facts hereinabove stated were within themselves insufficient to apprise the Sheriff that the defendant was committing in his presence an offense with which he could be charged, thereby rendering the arrest of the defendant and the search of his automobile illegal. The court dismissed the indictment and ordered the beverages returned to the defendant. From this order the Commonwealth prosecutes this appeal.

To support his position the defendant relies on a line of cases represented by Marsh v. Commonwealth, 255 Ky. 484, 74 S.W.2d 943, where the court stated:

"We have consistently held that it is unlawful for an officer to hold up a citizen on the highway for search of his person, or his portable possessions, without a search warrant or unless an offense has been committed in the officer's presence."

Defendant insists no offense was committed in the presence of the Sheriff for which an arrest could be made, therefore, the search was unauthorized.

We have restudied these cases and given this matter a great deal of consideration. It can be said that this court in the past has equated the stopping of an automobile on the highway with an arrest and has required the officer before a stopping could be made to have sufficient grounds at that time to arrest the occupants of the automobile. Some of our most recent opinions have in effect sidestepped the issue of whether the officer must have sufficient grounds for arrest before the vehicle can be stopped. The absence of precision in our cases in the past has probably been brought about because of a lack of unanimity upon the part of this court on this question. Our cases, therefore, reflect a compromise on a case to case basis rather than any confusion on the part of the members as to the exact nature of the problem presented. We are now of the opinion that the facts in this case require us to squarely face the problem and determine under what circumstances an automobile may be stopped on a highway, when a search may be conducted on the spot and its occupants placed under arrest.

The question of when an officer can stop an automobile is one with which our courts have consistently encountered the most difficulty. In order to clear up any remaining doubt we here spell it out step by step.

The same rules do not apply to the search of an automobile as to a home. The automobile being more mobile the delay caused incident to the obtaining of a warrant can, in many instances, cause the irrevocable loss of evidence which would support a conviction. An automobile is not a place where families ordinarily store their treasured items. It is not a place where family affairs and relationships usually take place. In short, the compelling reasons to exclude searching officers from a home do not exist where an automobile is concerned. For these reasons, we believe a different set of rules must apply to the search of an automobile. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Ballard v. Commonwealth, Ky., 462 S.W.2d 905, rendered January 29, 1971.

■ The stopping of an automobile on the highway does not involve a search nor does it involve an arrest. It is nothing more than the initial stopping. We know of no reason why a peace officer should not be permitted to stop any vehicle on the highway at any time for any reasonable purpose. As this is not an arrest, it is not necessary that he have probable cause to believe that an offense has been committed to justify the stopping.[2]

---

2. We recognize that in some instances a motorist might be justified in failing to stop if the officer is not in uniform or driving a marked vehicle. Therefore, we are not passing on any question dealing with the refusal of a motorist to stop under these circumstances.

Once the officer approaches the automobile all that he observes at that time without benefit of a search warrant is admissible in evidence and can be taken into consideration at that time by the officer in determining whether or not he has probable cause to make an arrest.[3] If, at that time, the officer believes that a misdemeanor has been committed in his presence on the basis of what he sees and hears, or if he believes that a felony has been committed and the person or persons whom he has stopped have committed it, he may place him or them under arrest and may forthwith proceed to search the automobile incident to the arrest. Here we would except traffic violations. We have long adhered to the rule that an arrest for a minor traffic violation does not justify a complete search. See Johnson v. Commonwealth, Ky., 443 S.W.2d 20.

If at the time the officer approaches the automobile he does not see fit to immediately place the occupants under arrest, but at that time through what he observes or information previously obtained reasonably believes the automobile contains contraband, he may search the automobile without a warrant and without an arrest. This subject was thoroughly covered in Johnson v. Commonwealth, supra.

Applying the foregoing rules to the facts in this case we believe the search was amply justified. Sheriff McCubbin had reliable radio information that the automobile contained an unusual stock of alcoholic beverages being transported into dry territory. Upon stopping of the automobile, he observed these beverages which at that point would warrant their introduction into evidence. In any event, as Taylor County is dry territory, the transporting of this quantity of beverages into the county in this manner would be sufficient grounds upon which the officer could reasonably search the automobile for contraband. Once the beverages were observed by the officer he had probable cause to believe the occupants of the automobile were guilty of the offense in his presence of the illegal transportation of alcoholic beverages and could legally at that time place them under arrest and search the automobile pursuant to the arrest.

For the foregoing reasons, the judgment of the trial court in dismissing the indictment is reversed. The indictment is reinstated for further proceedings.

Judgment reversed.

All concur.

they are sufficient to constitute probable cause. Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726.

---

3. See Pennington v. Commonwealth, Ky., 429 S.W.2d 364. Where facts are such as to create a belief in the mind of a reasonable, prudent and cautious man,