Larry D. **GAINES**, Plaintiff-Appellant,

v.

Walter E. **CRAVEN** et al., Defendant-Appellee.

No. 71–1593.

United States Court of Appeals,
Ninth Circuit.

Sept. 27, 1971.

Robert Talbot, Law School, University of San Francisco, San Francisco, Cal., for appellant.

Evelle J. Younger, Cal. Atty. Gen., Robert R. Granucci, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before KOELSCH, CARTER and CHOY, Circuit Judges.

PER CURIAM:

Larry D. Gaines, a state prisoner, appeals from a District Court order, following an evidentiary hearing, denying his application for a writ of habeas corpus. We affirm.

The facts, as found by the District Court, agree with those stated in People v. Gaines, 265 Cal.App.2d 642, 71 Cal. Rptr. 468 (1968), which affirmed appellant's conviction. Briefly, appellant, a suspected narcotics user, was confronted by a police officer as he (appellant) emerged from an apartment where the police had an unconfirmed tip narcotics were being sold. Seeing the policeman, appellant threw a package back through the open apartment door. The officer rushed into the apartment before the door could be closed and retrieved the package which was found to contain heroin. Appellant was arrested, tried, and found guilty of possessing heroin.

Appellant argues that the hallway confrontation by the police officer was a "seizure" of his person under Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Assuming this to be true, the officer testified that his sole purpose in stopping appellant was to ask a few questions. Since we have held that a well-founded suspicion is all

that is necessary to justify a brief detention for purposes of limited inquiry during a routine police investigation, the alleged "seizure" is constitutionally permissible. United States v. Brown, 436 F.2d 702 (9th Cir. 1970) ; Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966).

■ Appellant also contends that the policeman's entry into the apartment was illegal. It is clear from the facts, however, that the officer concluded that the package would be destroyed if he did not take immediate action. This conclusion was well-founded, and the entry was therefore proper. Ker v. California, 374 U.S. 23, 39–40, 83 S.Ct. 1623, 10 L. Ed.2d 726 (1963). *See* Theobald v. United States, 371 F.2d 769 (9th Cir. 1967.)

■ As an additional ground for relief, appellant asserts that the state trial court deprived him of his right to confrontation of witnesses when it restricted his cross-examination of the police officer. However, appellant was given a full right of cross-examination at the District Court hearing; and the error, if any, was harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.