James Daniel ISON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1971.

Neville Smith, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The appellant, James Daniel Ison, was found guilty by a jury of transporting alcoholic beverages in dry, local option territory for the purpose of sale. His punishment was fixed at a fine of $100.00 and imprisonment in jail for 30 days. In his appeal to this court, Ison raises the single issue that the fruits of a warrantless search should not have been admitted in evidence.

Appellant, while driving at night in an automobile on a state highway in Clay County, Kentucky, which is dry territory, met a police cruiser that was driven by trooper Robert Muse. The officer stated that Ison failed to dim his lights, and this induced the officer to turn his cruiser around and follow the car that Ison was driving. The officer then observed that this car had Harlan County license plates and looked as if it was heavily loaded with something. The officer stopped Ison and asked him for the registration certificate of the automobile, but he did not have it. The officer testified that Ison furnished him a fictitious name as the owner of the automobile. Ison said that the officer asked him for his operator's license, which he promptly handed over. Muse "called London" and was advised that the car was registered in the name "Roger Ison," who was appellant's brother, according to the evidence.

Muse then placed appellant in the police cruiser and asked for permission to search the automobile. The appellant asked if Muse had a search warrant. The officer replied that he would try to secure one. Muse then communicated by radio with his headquarters in an attempt to get in touch with the sheriff of the county. Apparently the attempt was unsuccessful. Trooper Muse got out of the cruiser opened the closed trunk of the automobile with a pocket knife and discovered ten cases of whiskey in the trunk.

The officer searched appellant's person when he took him to the police cruiser and at that time placed him under arrest. Appellant was placed in the rear seat of the cruiser where he remained until he was removed and taken to jail. The sheriff arrived at the scene after the arresting officer had searched the automobile. The officer issued a citation for the traffic offense, the disposition of which is not revealed in the record.

■ Warrantless searches are per se unreasonable under the Fourth Amendment to the Constitution of the United States, "subject only to a few specifically established and well-delineated exceptions which

are jealously and carefully drawn." Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Our inquiry in this case is whether the warrantless search can be justified under one of those "established and well delineated" exceptions.

The Coolidge case reaffirms the basic holding in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, that was approved in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. The Carroll decision was that contraband goods concealed and illegally transported in an automobile may be searched for without a warrant provided that "the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported."

We followed the Carroll doctrine in Johnson v. Commonwealth, Ky., 443 S.W.2d 20; Ballard v. Commonwealth, Ky., 462 S.W.2d 905, and Commonwealth v. Hagan, Ky., 464 S.W.2d 261. In the Hagan case, however, we made crystal clear that we adhered to the view, which we have repeatedly expressed, that an arrest for a minor traffic violation does not justify a *complete* search. There appears to be a diversity of opinion on the subject among the states. See Annotation, "Lawfulness of Search of Motor Vehicle Following Arrest for Traffic Violation," 10 A.L.R.3d 315, which follows the report of our case of Lane v. Commonwealth, Ky., 386 S.W.2d 743, 10 A.L.R.3d 308.

The Commonwealth argues that the warrantless search may be justified under the factual circumstances that occurred after the officer stopped the car, which apparently tacitly concedes that this search may not be justified as the type of search permitted incident to a lawful arrest. These circumstances, however, amounted to nothing more than sheerest suspicion. Appellant was not shown to be a well known law breaker whose reputation was known to the officer. The officer had no prior information which pointed to appellant or the automobile in which he was riding as engaged in illegal activity. The officer observed no contraband in "plain sight" or otherwise at the time of the arrest. The circumstances on which the Commonwealth relies do not constitute facts that create a belief in the mind of a reasonable, prudent and cautious man. Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726. It is extremely doubtful, at best, whether a search warrant could have been legally issued, had it been applied for, based on the circumstances which occurred after the automobile was stopped and prior to the general exploratory search of the trunk.

"The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." (Per Mr. Justice Stewart in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564). We are unable to justify the warrantless search as incident to an arrest, nor on evidence observed in "plain sight," nor on probable cause to believe that the transportation of contraband was in the course of being effected upon facts observed after a proper stopping of the vehicle. The warrantless search was constitutionally impermissible under the facts presented by the record. The evidence of the fruits of that search was inadmissible and should have been suppressed.

The judgment is reversed.

All concur.