Steven Allen BAYS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

James L. Ford, Ashland, for appellant.

Ed W. Hancock, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, William B. Arthur, John Simpson, Ashland, for appellee.

REED, Justice.

Steven Allen Bays was convicted of possession of Demerol, a dangerous drug, in violation of KRS 218.020. The Demerol was taken from him in a search of his person by a police officer. The only error asserted by Bays in his appeal from the conviction is that the drug found by the officer on his person was procured by a warrantless search and was improperly admitted in evidence. Bays claims that the search violated the requirements of the Fourth and Fourteenth Amendments to the Constitution of the United States and Section 10 of the Constitution of the Commonwealth of Kentucky. Bays asserts that his arrest was illegal because it was not based on probable cause and that a warrantless search incident to an illegal arrest cannot be validated in face of the state and federal constitutional provisions securing to all citizens freedom from unreasonable searches and seizures by the government.

In the early morning hours of September 22, 1971, officers William Sutphin and Robert L. Nunley of the Ashland, Kentucky, police force, were called to the C & O Railway passenger station where it was reported a man was drunk and causing prob-

lems. On their arrival at the railway station the two officers found Larry Pelfrey who appeared to be very intoxicated. The officers arrested Pelfrey for being drunk in a public place. He was immediately searched and found to be carrying a loaded Beretta automatic pistol, with the safety off, in his pocket.

After placing Pelfrey in their cruiser, the policemen were informed by C & O officials that there had been a U-Haul rental van parked in the train station's lot for some time, that Pelfrey had arrived with two other men in this van and that the van had been moved in an odd manner several times about the lot, but that the two other men had driven off in the van a short time before the arrival of the police.

Several blocks away the two policemen observed a vehicle which fitted the van's description. Pelfrey, still under detention in the cruiser, volunteered a comment that "there were his buddies." When the police pulled up behind the parked van, they alighted from their cruiser and looked into the open rear end of the van and observed several mud-splattered television and stereo sets with price tags on them. The employees at the railway station had related the suspicious actions of Pelfrey and the occupants of the van and had related that since it was payday, when pay checks were supposed to come in, they were apprehensive concerning the activities of these men.

In order that they might further investigate the suspicious circumstances presented, the two policemen drew their pistols and ordered the two men in the van to get out. The two suspects, one of whom turned out to be Steven Bays, appeared to be under the influence of alcohol and were initially so charged. In the course of frisking the two suspects, Bays was found in possession of a bottle containing upward of 40 pills later analyzed as Demerol.

■ Bays argues that the untranscribed evidence at a pretrial hearing held to determine his motion to suppress the evidence secured by the search cannot be considered because the prosecution undertook to introduce evidence concerning the circumstances of the search during the trial on the merits. There is no suggestion that Bays was prevented from causing the pretrial evidence to be transcribed. The trial judge filed a written statement reciting the facts found as a result of the pretrial hearing as a part of his decision to overrule the motion to suppress the evidence. Bays does not question the accuracy of the facts recited. At the time of the trial on the merits, the legality of the search had already been determined by the trial court. The procedure has been approved in Little v. Commonwealth, Ky., 438 S.W.2d 527 (1968). The legality of the search was not in issue before the jury. It was a matter to be determined by the trial judge. He did so at a hearing held outside the presence of the jury and the facts upon which he based his determination are not alleged to be erroneous in any respect. Hence, Bays' complaint concerning the prosecution's failure to repeat all the evidence concerning the circumstances of the search at the trial before the jury is without merit.

The inquiry then resolves itself to whether, under these factual circumstances, the action of the police officer in making this search of Bays was unreasonable. Under the admitted facts and circumstances, we conclude that these policemen had a right to make a forcible stop of Bays and his companion in the van. This stop was appropriate for the purpose of investigating possible criminal behavior.

■ The applicable constitutional provisions do not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), permits a brief stop, though

forcible, of a suspicious individual for momentary maintenance of the status quo while obtaining more information, if the officer's discretionary decision is reasonable in light of the facts known to the officer at the time.

■ Two men in a rented van parked on the side of the street in the early morning hours carrying mud-splattered televisions and stereo sets with the price tags on them, who have in the immediate past acted in the operation of the van in a manner suspicious to the employees in a railroad station and who are identified as buddies by a man who associated with them shortly before and who was himself carrying a concealed pistol with the safety off, presents to us circumstances strongly indicative that "criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ We do not regard this particular situation as representative of an extension of the Terry rule to possessory offenses. The search of Bays was limited to his person and constituted reasonable action on the part of the policeman to discover and deprive the suspect of a weapon that might be used against the policeman. The discovery of the contraband drug in this case was inadvertent and unexpected. Even if the stopping had been for the purpose of establishing a possessory offense, under appropriate circumstances, the policeman would have had the right to make a reasonable investigatory stop and the further right to conduct a limited protective search for concealed weapons where he had reason to believe that the suspect was armed and dangerous. Adams, Warden v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 615 (decided June 12, 1972). We do not find the limited search of Bays to have been unreasonable. The fruits of the search were properly admitted in evidence.

The judgment is affirmed.

All concur.