Caswell DEBERRY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 29, 1973.

Rehearing Denied Oct. 26, 1973.

Joseph G. Glass, Louisville, for appellant.

Ed. W. Hancock, Atty. Gen., Robert W. Willmott, Jr. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

Appellant was convicted of knowingly receiving stolen property. He maintains on appeal that evidence used against him was obtained by means of an unlawful arrest and illegal search. Disposition of this case turns entirely upon an analysis of the facts and events leading up to his arrest.

In either the evening hours of November 19, 1970, or the early morning hours of November 20, 1970, the Motor Parts Depot in Louisville was broken into and approximately 126 tires were taken from the building. At approximately 6:00 P.M., November 20th, Police Sergeant Davis received a telephone tip from the detective bureau that a truck would be located at a certain address loaded with the stolen tires. The sergeant then directed officers to the scene for a stakeout. The officers were informed only that a shipment of stolen property was housed at a certain address and would be moved sometime that night. They were not informed of the nature of the stolen property.

After approximately three hours of the surveillance, a truck began to move through an alley away from the premises under surveillance. Informed by radio only that the truck was departing and without having seen any specific violation the arresting officers blocked the alley with their squad car and stopped the truck. At that time a number of tires were seen in the back of the truck. The tires were in plain view of the officers and no search was necessary or performed.

Immediately following the blockage of the alley by the patrol car, Sergeant Davis arrived carrying with him a list of serial numbers of the stolen tires. He compared these numbers with those on the tires in the back of the truck which comparison verified that the tires in the truck were those stolen from the Motor Parts Depot. The occupants of the truck were then placed under formal arrest.

Prior to trial, a hearing was held on appellant's motion to suppress the evidence. The motion was overruled and appellant was subsequently convicted.

Appellant attacks the seizure of the tires as being incident to an unlawful arrest due to lack of probable cause.

Common rumor or report, suspicion, or even strong reason to suspect are not adequate grounds to support a warrant for arrest. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). The tip supplied to the police sergeant coupled with the presence of a truck at the premises named by the informant were sufficient to raise the suspicions of the stakeout officers, but fell far short of meeting the stringent standards necessary to authorize a magistrate to issue an arrest warrant.

Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), is a landmark case regarding the authority of police to make warrantless arrests. It recognizes that whenever a police officer accosts a citizen and restrains his liberty to walk away he has seized that person. Nevertheless, *Terry* held that the constitution only prohibits *unreasonable* searches and seizures and further held that it is not always unreasonable for officers to seize a person and subject him to a limited search (frisk) under

circumstances when the evidence is not sufficient to obtain a warrant.

A distinction is made upon the basis of the purpose of the seizure and officers are permitted to make brief stops or seizures of persons for purposes of investigation when the circumstances are such that the action appears reasonable when the need to investigate is balanced against the invasion which the seizure entails. In such cases no probable cause need exist at the time for believing the person stopped had actually committed a crime. Such investigatory stops are limited in time and scope to what appears reasonable under the circumstances in any individual case and the investigation conducted by the officer during such a stop cannot exceed limits otherwise prescribed by law. Thus in *Terry*, under circumstances which did not show probable cause for believing a crime had been committed, the court held that the officer was justified in stopping Terry for investigation and having stopped him was also justified in searching him for weapons to insure the safety of the officer. A concealed weapon found during this search was held to be admissible evidence. It was pointed out however that any search of the person beyond frisking for weapons would have been unauthorized under the circumstances.

Appropriate circumstances for warrantless arrest were found to exist in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), wherein the court upheld the admissibility of burglar's tools found on the defendant after he had been stopped by an off-duty police officer who observed the defendant conducting himself in a clandestine manner outside an apartment known to the police officer to be occupied by one other than the defendant.[1]

Most recently the rationale set forth in Terry v. Ohio, supra, has been reinforced by the Supreme Court in Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L. Ed.2d 612 (1972):

> " * * * The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. * * *. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."

Kentucky has expressly adopted the language of Terry v. Ohio, permitting a forcible stop even where probable cause for arrest is lacking. Bays v. Commonwealth, Ky., 486 S.W.2d 706 (1972). Cf. Shull v. Commonwealth, Ky., 475 S.W.2d 469 (1971) and Phillips v. Commonwealth, Ky., 473 S.W.2d 135 (1971).

Appellant relies upon Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), for the rule that a warrantless arrest without probable cause is invalid and that a warrantless arrest in the absence of probable cause will not sustain a search incidental to the arrest.

We do not consider the holding in *Terry,* nor our holding in this case, contrary to *Henry*. *Henry* considered a warrantless arrest for the commission of a crime. There was no probable cause for believing the suspect had committed a crime at the time of his arrest. The arrest was there-

---

1. Sibron v. New York is a companion case to Terry v. Ohio, supra. At issue in Sibron was the validity of a "stop and frisk" statute. The court noted that the validity of the arrest did not necessarily rest upon the statute. "Just as a search authorized by state law may be an unrea-

sonable one under (The Fourth Amendment), so may a search not expressly authorized by state law be justified as a constitutionally reasonable one." Sibron v. New York, supra, at page 61, 88 S.Ct. at page 1902.

fore invalid and a search of his automobile for contraband as an incident to the arrest was likewise held invalid.

Terry recognizes that an arrest is sometimes made simply for the purpose of further investigation and not for the purpose of charging the person arrested with a crime. The circumstances which will justify an arrest for investigative purposes need not be nearly so incriminating as those required for an arrest without warrant for the purpose of charging one with a crime. In the same manner, the incidents which follow from an investigatory arrest are severely limited.

■ In the instant case, the arresting officers had been informed that the stolen property would be transported by truck from a certain address. Upon arriving at the scene there was indeed a truck backed up to the address. To permit the truck to leave that address without further investigation of its movement in view of the prior information given the officers would have been a dereliction of duty. A brief stopping of the vehicle for investigation of the circumstances connected with its removal was proper under the authority of Terry v. Ohio, supra.

As far as the seizure of the tires following the stop is concerned, it is important to point out that it was not necessary to search the vehicle. The tires were in plain view of the officers while standing beside the truck. Sergeant Davis arrived upon the scene with a list of serial numbers of the stolen tires. At that point probable cause existed for the comparison of the serial numbers on the list with the serial numbers on the tires in the truck. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); see also Annotation, 29 L.Ed.2d 1067 (1971).

The judgment is affirmed.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.