Craig COOK, Larry White, and Albert Gruneisen, Movants,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

April 20, 1983.

Edwin F. Kagin, Louisville, for Craig Cook.

Frank E. Haddad, Jr., Kenneth L. Sales, Louisville, for Larry White.

John Tim McCall, Louisville, for Albert Gruneisen.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

The ultimate question raised by this appeal concerns the extent of the authority of police officers to stop a vehicle for investigation based upon a tip from an unidentified, but reliable, informant.

On September 2, 1980, at approximately 9:00 p.m., Detective Tom Murphy of the Louisville Police Department, Division of Narcotics, received a phone call from an unidentified confidential informant. At 9:30 p.m. on the same date, Detective Murphy met with this informant and was advised that at some time between 10:00 p.m. and 11:30 p.m. on that night an older model yellow pickup truck occupied by three white males would be travelling along U.S. Highway 42 in Jefferson County, Kentucky; that it would turn off U.S. Highway 42

onto Rose Island Lane and would proceed to an unidentified house on Rose Island Lane; that the driver of the pickup truck would be the appellant Gruneisen; that the other two men were not known to the informant; that they would be in possession of a weapon and should be in possession of cocaine which the informant had seen earlier in the evening. The informant was known to Detective Murphy and had furnished reliable information on at least three previous occasions.

Because there was such a short time between the receipt of this information and the time in which it was anticipated that this truck might be proceeding down the highway—police officers were immediately dispatched for surveillance of the area and a vehicle was dispatched to block Rose Island Lane. The Jefferson County police were not contacted.

At approximately 10:40 p.m., the police officers on surveillance noticed a 1972 model yellow pickup truck occupied by three white males proceeding along U.S. Highway 42 near the intersection with Rose Island Lane. The officers followed this truck and it turned onto Rose Island Lane and proceeded to the point of the road block where it was forced to stop. The officers following the truck pulled to a stop immediately behind the truck and approached it, demanding that the occupants alight from the truck.

The area was lighted by a street light and by the headlights of the vehicles. As Officer Murphy approached the passenger side of the truck he saw appellant Gruneisen hand a bag containing white powder to appellant White who in turn handed it to appellant Cook. Cook threw the package into weeds by the roadside. The package was recovered and found to contain approximately 26 grams of cocaine.

Appellants Cook and White were indicted for possession of a controlled substance, appellant Gruneisen with trafficking in a controlled substance. At a pretrial hearing, the Jefferson Circuit Court ordered that the cocaine be suppressed. The Commonwealth appealed to the Court of Appeals, and the suppression order was vacated. We granted discretionary review to consider the important constitutional aspects of this warrantless seizure of contraband.

■ As an initial point, the appellants contend that the Louisville Police Department and officers were without jurisdiction because the seizure occurred outside the city limits of the City of Louisville.

K.R.S. 95.150 provides that police officers in cities of the first class shall possess the common law and statutory powers of constables except for service of civil process. Section 101 of the Kentucky Constitution provides that the Jurisdiction of Constables shall be coextensive with the counties in which they reside. It follows that members of the Louisville police force may make arrests in Jefferson County outside the city of Louisville. *Helm v. Commonwealth,* Ky., 81 S.W. 270 (1904).

We are not concerned here with any aspect of an illegal search. There was no search. When appellants' vehicle was stopped and approached by the officers, the package of cocaine was in plain view. It was recovered from the roadside where it had been thrown by appellant Cook.

It is appellants' contention that without a warrant for search or arrest, the police officers had no authority to stop their vehicle. It is apparent that the roadblock and the accompanying investigation by the police in effect restrained the freedom of appellants to some extent. Appellants characterize this as a warrantless arrest.

■ Conceding an arrest in the technical sense, it must be noted that the Fourth Amendment does not guarantee freedom from all arrests or seizures, only unreasonable ones.

■ The United States Supreme Court, in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), clearly held that a police officer may make an arrest or "investigatory stop" of an individual in limited circumstances even though no probable cause exists for a belief that a person has committed a felony. These investigatory

stops are limited to situations where the facts available to the officer are such as would "warrant a man of reasonable caution in the belief" that the action taken was appropriate. *Terry v. Ohio, supra.*

In 1972, the Supreme Court followed *Terry v. Ohio, supra,* with *Adams, Warden v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), which held:

> In *Terry* this Court recognized that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Id.* [392] at 22, 88 S.Ct., at 1880. The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. See *id.,* at 23, 88 S.Ct., at 1881. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. *Id.,* at 21–22, 88 S.Ct., at 1879–1880; see *Gaines v. Craven,* 448 F.2d 1236 (CA9 1971); *United States v. Unverzagt,* 424 F.2d 396 (CA8 1970). [407 U.S. at 145–146, 92 S.Ct. at 1922–23].

Kentucky has followed *Terry v. Ohio, supra,* in *Commonwealth v. Hagan,* Ky., 464 S.W.2d 261 (1971), and *DeBerry v. Commonwealth,* Ky., 500 S.W.2d 64 (1973).

In *Hagan* it was stated:

> The same rules do not apply to the search of an automobile as to a home. The automobile being more mobile the delay caused incident to the obtaining of a warrant can, in many instances, cause the irrevocable loss of evidence which would support a conviction. An automobile is not a place where families ordinarily store their treasured items. It is not a place where family affairs and relationships usually take place. In short, the compelling reasons to exclude searching officers from a home do not exist where an automobile is concerned. For these reasons, we believe a different set of rules must apply to the search of an automobile. See *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Ballard v. Commonwealth,* Ky., 462 S.W.2d 905, rendered January 29, 1971.
>
> The stopping of an automobile on the highway does not involve a search nor does it involve an arrest. It is nothing more than the initial stopping. We know of no reason why a peace officer should not be permitted to stop any vehicle on the highway at any time for any reasonable purpose. As this is not an arrest, it is not necessary that he have probable cause to believe that an offense has been committed to justify the stopping.

Although *Hagan* on its face portends to permit a peace officer to stop a vehicle upon a highway at any time for any reasonable purpose, this must be interpreted as any reasonable investigatory stop under circumstances outlined with approval in *Terry v. Ohio, supra.*

In *DeBerry* we said:

> Terry recognizes that an arrest is sometimes made simply for the purpose of further investigation and not for the purpose of charging the person arrested with a crime. The circumstances which will justify an arrest for investigative purposes need not be nearly so incriminating as those required for an arrest without warrant for the purpose of charging one with a crime. In the same manner, the incidents which follow from an investigatory arrest are severely limited. *Id.* at 67.

We do not think the holding of *Terry v. Ohio, supra,* and its progeny are limited to reasonable investigatory stops based upon the individual observations of an officer. It is equally applicable to any situation which would warrant an officer of reasonable caution in the belief that an investigation was

appropriate. Information from a reliable informant may often be sufficient to require and to justify an investigation.

In this case, the police officers had information sufficient to justify a reasonable belief that an investigation should be made. The exigency of time would induce a reasonable person to believe that some immediate action was appropriate. The officers had a right to stop appellants' vehicle, at least long enough to secure identification of the occupants, as a part of that investigation.

The investigatory stop was only moments old when the appellants were plainly seen to be in possession of the package of cocaine. It was retrieved from the side of the road after appellants had attempted to throw it away. We see no abuse of constitutional rights by the police officers under the facts of this case.

The decision of the Court of Appeals is affirmed.

All concur.