940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Coleman BROWN, Plaintiff-Appellant
v.
Ed BOWLING, Defendant-Appellee.
 No. 90-6488.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the grant of summary judgment for Defendant in this suit for unlawful arrest under 42 U.S.C. Sec. 1983. The District Court held that Defendant had probable cause to arrest plaintiff, and therefore his conduct did not violate Plaintiff's statutory or constitutional rights. Because the affidavits disclose a dispute with regard to the facts which determine probable cause, we reverse the grant of summary judgment and remand for completion of discovery and trial on the merits.
 
 
 2
 Defendant is the county coroner of Laurel County, Kentucky. He also has a funeral home and is in business as a mortician and funeral director. As coroner he has the authority to arrest for the purpose of enforcing KRS Secs. 72.410-72.470 (the statutes which provide for coroners' inquests). KY.REV.STAT.ANN. Sec. 72.415(1)-(12)(Baldwin 1990 Cumulative Service). On February 26, 1988, he obtained a warrant for Plaintiff's arrest based on allegations that Plaintiff had interfered with his investigation of the death of Plaintiff's uncle.[1] Plaintiff claims that the Defendant fabricated the charges in retaliation for the Plaintiff's refusal to use the Defendant's funeral home rather than the mortuary of one of Defendant's competitors for his uncle's funeral. The District Court entered summary judgment for the defendant, finding that there was probable cause for the arrest, and therefore no constitutional harm.
 
 
 3
 In the absence of probable cause to arrest, there is a claim under 42 U.S.C. Sec. 1983 for unconstitutional seizure; qualified immunity is an affirmative defense to such a claim. Jeffers v. Heavrin, 932 F.2d 1160 (6th Cir.1991); Brandenburg v. Cureton, 882 F.2d 211 (6th Cir.1989); Yancey v. Carroll County, Kentucky, 876 F.2d 1238, 1243 (6th Cir.1989); Lewis v. Downs, 774 F.2d 711 (6th Cir.1985). See also McDowell v. Rogers, 863 F.2d 1302 (6th Cir.1988).
 
 
 4
 The determination of whether there was probable cause for a search or seizure which gave rise to a section 1983 action is a question to be determined by a jury unless there is only one reasonable determination. Yancey, 876 F.2d at 1243; Ross v. Meyers, 883 F.2d 486, 488 (6th Cir.1989). Where facts are disputed, the question of qualified immunity may also completely depend upon which view of the facts is accepted by the jury. Brandenburg, 882 F.2d at 216. Brandenburg holds that government officials have qualified immunity only "as long as their action could reasonably have been though consistent with the rights they are alleged to have violated." Id. at 215. If the Plaintiff can prove that the Defendant had him arrested only because of anger over Plaintiff's refusal to use Defendant's funeral home, there would be no qualified immunity because Defendant could not fairly be said under these circumstances to believe that arrest for such a reason is consistent with Plaintiff's right to be free from unconstitutional seizures.
 
 
 5
 The District Court based its summary judgment on three undisputed facts which were true when the Defendant began his investigation on February 25, 1988. However, the warrant was obtained on February 26, 1988. We look to the law of the state for the time at which determination of probable cause is to be made. Ross v. Meyers, 883 F.2d at 488. Ross held that the same time frame in which probable cause is determined in a state criminal proceeding would be considered in a civil complaint for false arrest and malicious prosecution.
 
 
 6
 In Kentucky courts "probable cause must exist and must be known by the arresting officer at the time of the arrest." Sampson v. Commonwealth of Kentucky, 609 S.W.2d 355, 358 (Ky.1980); Deberry v. Commonwealth of Kentucky, 500 S.W.2d 64, 66-67 (Ky.1973) cert. denied sub nom. De Berry v. Kentucky, 415 U.S. 918 (1974). A reviewing court may not look at a time other than that of the arrest, when different facts are known to try to justify the action. Sampson, 609 S.W.2d at 358. There must be at the time of the arrest facts which create a belief in the mind of a reasonable, prudent and cautious man. Ison v. Commonwealth of Kentucky, 471 S.W.2d 712, 714 (Ky.1971). By analogy, since the defendant was not the arresting officer, we look not to what he knew upon first entering the decedent's house, but what he knew at the time he obtained the warrant, on February 26, 1988. It appears that decedent's body had been released for funeral services, which makes it clear that Defendant had determined by that time that no circumstances existed which would require a post-mortem under KRS Sec. 72.025, but such a finding is to made by the trier of fact. Because these findings were not made prior to the District Court order suspending discovery, we look only to the affidavits of the parties which show a genuine issue of material fact. Accordingly, summary judgment was improper.
 
 
 7
 Additionally, Defendant cannot rely on the arrest warrant as a judicial determination of probable cause if Plaintiff is successful in showing that Defendant knowingly made false statements or omissions to the judge such that but for these falsities the judge would not have issued the warrant. Yancey v. Carroll County, 876 F.2d at 1243. Although the facts enumerated in the warrant might constitute probable cause if viewed in isolation, they may not be so viewed if Defendant had knowledge of other facts which undermined the probable cause at the time he obtained the warrant. If Defendant had knowledge of but withheld such facts, he is not protected by the issuance of the warrant although the arresting officer might be if the arresting officer were someone other than Defendant.
 
 
 8
 Finally, Plaintiff argues Defendant waived his defense of qualified immunity. The District Court has not ruled on this argument, and we remand for decision by that court if Plaintiff elects to pursue this issue.
 
 
 9
 For the reasons set out above, we REVERSE and REMAND for trial.
 
 
 
 [1]
 Defendant alleges that Plaintiff violated KRS Sec. 72.020(1). That statute reads:
 Any person, hospital or institution, finding or having possession of the body of any person whose death occurred under any of the circumstances defined in subsections (1) through (12) of KRS 72.025 shall immediately notify the coroner, or his deputy and a law enforcement agency, which shall report to the scene within a reasonable time. No person shall remove the body or remove anything from the body until directed to do so by the coroner or his deputy, after the law enforcement agency is present or has failed, within a reasonable period of time, to respond.
 KY.REV.STAT.ANN. Sec. 72.020(1)(Baldwin 1985)
 The "circumstances" defined in section 72.025 are generally:
 (1) homicide or violence;
 (2) suicide;
 (3) drugs or poison;
 (4) the result of a motor vehicle accident where the driver has left the scene;
 (5) death in a state mental institution when no previous medical history explains the death, or while in police custody or prison;
 (6) when death occurs in a motor vehicle accident but no lethal traumatic injury is apparent;
 (7) fire or explosion;
 (8) where death of a child indicates child abuse prior to death;
 (9) When the manner of death appears to be other than natural;
 (10) when skeletal remains are found;
 (11) where post-mortem decomposition or other circumstances cannot rule out the commission of a crime;
 (12) drowning;
 * * *
 (18) the sudden or unexplained death of a human being;
 * * *
 KY.REV.STAT.ANN. Secs. 72.025(1)-(12), (18) (Baldwin 1990 Cumulative Service)
 The District Court held that the decedent's death fell within subsection (18) of section 72.025: when the death of a human being is sudden and unexplained. Subsection (18) is not one of the subsections enumerated in Sec. 72.020(1), and thus it is not clear that the prohibition against the removal of anything from the body applies. This will have to be determined upon remand as well.