DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, George W. Mitchell, was convicted of attempted carrying a concealed weapon and having weapons while under disability, violations of R.C. 2923.02, 2923.12 and 2923.13.
A suppression hearing commenced on November 1, 1999. Officer Keith Miller of the Toledo Police Department testified that on August 24, 1999, he went to 320 Pulaski Street in Toledo, Ohio, with an arrest warrant for someone who "possibly lived there." Specifically, Miller testified that the arrest warrant was for Ervin Mitchell. Hours earlier, police had conducted a raid on the residence in a search for illegal drugs.
In an unmarked car, Miller drove past the house at 320 Pulaski Street where he saw a black male sitting on the porch. Miller testified that he could only see the male from the waist to his head. At trial, Miller identified the male as appellant, George Mitchell. After seeing appellant on the porch, Miller drove around the block to ask his fellow officers for a more detailed description of Ervin Mitchell. Miller testified that after he spoke with his fellow officers, he returned to the house at 320 Pulaski Street. Appellant was now attempting to drive away in a car. Miller stopped his car behind him and turned on his flashing lights. A vice metro car immediately pulled in front of appellant's car. Miller testified that the officers were concerned about the fact that a pit bull was sitting in appellant's car. The officers told appellant to stay in the car. Instead, appellant exited the car and his dog approached one of the other officers. Miller testified he then grabbed appellant by the back of his pants and patted him down for weapons. While Miller was asking appellant to identify himself, another officer informed him there where bullets in plain view on the seat of appellant's car. The officers then found a box in the back seat of the car which contained a loaded weapon. Appellant was subsequently arrested.
The trial court denied appellant's suppression motion and on May 2, 2000, he was convicted of attempted carrying a concealed weapon and having a weapon while under a disability, both fifth degree felonies. Appellant received a ten month prison sentence. He now appeals setting forth the following assignment of error:
 "THE TRIAL COURT WRONGLY DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF A WARRANTLESS SEIZURE AND SEARCH WHICH COULD NOT BE JUSTIFIED BY ANY EXCEPTION TO THE WARRANT CLAUSE OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION OR OF SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION."
When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v.Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein
(1991), 73 Ohio App.3d 486, 488.
It is well settled that before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity.Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868. Such a stop is justified if the "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be most reasonable in light of the facts known to the officer at the time. Id., at 21-22; see Gaines v.Craven, 448 F.2d 1236 (CA9 1971); United States v. Unverzagt, 424 F.2d 396
(CA8 1970)."
It is undisputed that appellant was not seen engaging in any illegal or suspicious behavior before he was stopped. It is also undisputed that Miller's arrest warrant was not for the arrest of The "specific and articulable facts" that led police to stop appellant where as follows: (1) appellant was sitting on the porch of a house that had been subject to a police raid earlier in the day, (2) police had an arrest warrant for a black male who possibly lived at the house and appellant met the description in that he was a black male, and (3) appellant attempted to drive away from the house.
Based on the totality of the circumstances, we conclude that the police officers in this case did not have a reasonable, articulable suspicion of criminal activity to justify an investigative stop of appellant. Accordingly, the court erred in denying appellant's motion to suppress. Appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Common Pleas Court is reversed. Costs assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J. CONCUR.