**Ronnie HICKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Gregory L. Monge, Caldwell, VanAntwerp, Welch & Hughes, Ashland, Charles R. Holbrook III, Holbrook & Holbrook, Ashland, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Justice.

Ronnie Hicks was convicted of house breaking. KRS 433.180. On a second count he was convicted of grand larceny. KRS 433.220. Hicks was sentenced to ten years' imprisonment for house breaking and five years' imprisonment for grand larceny. Hicks appeals. We affirm.

Appellant's contention on this appeal is that the trial court erred in refusing to grant a continuance of the trial after his court-appointed counsel submitted a detailed affidavit concerning the competency of the appellant to stand trial and to assist in the preparation of his defense. Appellant sought the continuance in order that he could obtain a psychiatric examination. The trial court, after a hearing on appellant's motion for a continuance, denied the motion.

The record discloses that the trial court zealously protected appellant's rights. The trial court before trial entered an or-

der committing the appellant to the custody and care of the Central State Hospital, Anchorage, Kentucky for an examination and evaluation as to his general mental condition, his mental condition at the time of the alleged offenses, and his ability to assist his counsel in the preparation and trial of his case. The hospital refused to receive the appellant until after he had been examined by two doctors and found mentally ill. Thereafter, Dr. C. Wayne Franz, Boyd County Health Officer, and Dr. W. R. Dill, former director of the Appalachian Comprehensive Care Center of Ashland, Kentucky examined the appellant. These doctors refused to certify the appellant as mentally ill.

On appellant's motion for a continuance the trial court held that the appellant was competent to stand trial and, "There is nothing to now indicate that the defendant is insane within the meaning of RCr 8.06." The trial court, in overruling appellant's motion for a new trial, in a well written opinion, set forth in detail the determination that the appellant was competent.

It is evident from the record that ample time was afforded appellant and his counsel to prepare for trial.

We have examined the record and find that the trial court had sufficient evidence to support the finding that appellant's claim of incompetency did not warrant a continuance of his trial.

It is a well settled rule that there must be a clear showing of abuse of discretion by the trial court in denying a continuance before a claim of prejudicial and reversible error can be successfully maintained. Russell v. Commonwealth, Ky., 482 S.W.2d 584 (1972); Dye v. Commonwealth, Ky., 477 S.W.2d 805 (1972); and Matthews v. Commonwealth, Ky., 468 S.W.2d 313 (1971).

We find no error.

The judgment is affirmed.

All concur.