Jackie Ray **SCILLION**, Appellant,

v.

**COMMONWEALTH** of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1974.

Rehearing Denied May 10, 1974.

Anthony M. Wilhoit, Public Defender, Frankfort, Joseph S. Freeland, McCracken County Public Defender, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., G. Edward James, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On February 27, 1973, Appellant Jackie Ray Scillion was convicted in the McCracken Circuit Court of the burglary of a safe under KRS 433.130, the possession of burglarious tools under KRS 433.120 and breaking a storehouse under KRS 433.190 and was found to be an habitual criminal under KRS 431.190. Scillion was sen-

tenced to life imprisonment and now appeals.

On August 14, 1972, the manager of a restaurant in Paducah found that a door of his restaurant had been broken and that a safe had been removed from the premises.

On September 10, 1972, Creston Rudolph, a Kentucky State Police Trooper, observed appellant riding in an automobile registered to appellant's wife, but operated by Mike Cornwell. Because Rudolph knew that neither appellant nor Cornwell had an operator's license, he stopped their vehicle and informed Cornwell that he was under arrest for operating a motor vehicle without a license and informed appellant that he was under arrest for allowing a person without an operator's license to operate a motor vehicle.

When the two men had exited their vehicle the officer searched each of them. Then he noticed a leather work glove protruding from under the driver's side of the front seat of the vehicle; and he conducted a warrantless search of appellant's car and found that the glove was wrapped around a crowbar, which was subsequently determined to have been used in the breaking of the above-mentioned restaurant.

Defense counsel moved the trial court to suppress the crowbar as having been obtained through an illegal search. At a hearing the court overruled the motion to suppress.

Subsequently the crowbar was introduced as evidence at trial, and appellant contends on appeal that the introduction of the crowbar constituted reversible error.

We believe, and we have stated before, that different rules apply to the search of an automobile than apply to the search of a home, and that the mere stopping of an automobile involves neither search nor arrest and hence requires no probable cause, so long as the vehicle is stopped for a reasonable purpose. Commonwealth v. Hagan, Ky., 464 S.W.2d 261

(1971). Nevertheless "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." Coolidge v. New Hampshire, 403 U.S. 443, 461, 472, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564 (1971).

As we stated in Commonwealth v. Hagan, supra, 274:

"Once the officer approaches the automobile all that he observes at that time without benefit of a search warrant is admissible in evidence and can be taken into consideration at that time by the officer in determining whether or not he has probable cause to make an arrest. If, at that time, the officer believes that a misdemeanor has been committed in his presence on the basis of what he sees and hears, or if he believes that a felony has been committed and the person or persons whom he has stopped have committed it, he may place him or them under arrest and may forthwith proceed to search the automobile incident to the arrest. Here we would except traffic violations. We have long adhered to the rule that an arrest for a minor traffic violation does not justify a complete search."

In the instant case the arrest was not for a "minor" traffic violation but for a serious violation of the motor vehicle code. Perhaps this alone would not authorize a search of the automobile, but, of course, the officer was entitled to take into account all that was open to be seen in determining whether probable cause to search the vehicle existed. He saw a leather glove protruding from under the front seat of the automobile; he knew that Scillion had dangerous propensities; and he knew that on a previous occasion Scillion had carried a weapon in his car. Under the totality of these circumstances we think the search may be considered reasonable.

Scillion next complains that the trial court abused its discretion in denying a continuance. The record shows that the

court assigned an attorney from the Public Defender Office to represent him on January 30, 1973, and that he was adequately represented by counsel from that time until February 22, 1973, when Scillion's friends saw fit to employ retained counsel. Scillion cannot now complain of his own inaction in waiting until near the trial date to retain counsel. There was no abuse of discretion in denying the motion and the trial court's ruling will not be disturbed. Hicks v. Commonwealth, Ky., 488 S.W.2d 702 (1972).

■ Finally, Scillion contends that a directed verdict should have been granted because the discovery of the crowbar was too remote from the date of the commission of the offense. There is no merit in this contention, because there was a continuity of events which sufficiently linked Scillion to the offense in question and the fact that the instrument of the crime was found in appellant's possession some three weeks after the break-in is not so remote as to require reversal.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE and STEINFELD, JJ., concurring.

REED, J., not concurring.