Fred PATRICK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 23, 1976.

Jack Emory Farley, Public Defender, Jim Early, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Fred Patrick was convicted of possession of burglary tools, in violation of KRS 433.-120(2), and was sentenced to a term of two years' confinement in the penitentiary. On appeal from the judgment of conviction, Patrick's sole contention is that the admission of evidence concerning the tools, over his objection, was error because the evidence was obtained through an unlawful search of his automobile by the police. We find merit in the contention.

Around 2:30 a. m. on a day in October 1972, a city patrolman of Danville, Ken-tucky, saw Patrick walk away from the front of a store in a shopping center, enter a car, and drive away. The patrolman followed the car in his cruiser for a short distance, and then signaled Patrick to pull over to a stop. One Alvin Ferguson, Jr., was in the car with Patrick. The patrolman asked Patrick to produce his driver's license and the registration certification for the car. Patrick produced his driver's license but did not have the registration certificate. At that time the patrolman observed a pair of gloves lying on the floor on the left front side of the car. Because Patrick did not have the registration certificate, the patrolman asked Patrick to drive his car, following the police cruiser, to the police station. Patrick did so, and upon arriving at the station all three entered the station. While awaiting a check to be made on the vehicle registration, the patrolman had a "character check" made on Patrick and Ferguson, and it disclosed that Ferguson on a prior occasion had been charged with possession of stolen property. Thereupon the patrolman went outside to Patrick's car, for the purpose, he said, "to get the pair of gloves that was in the vehicle." He opened the left door of the two-door car, and saw a lug wrench and a tire tool protruding from under the front seat. Shining his flashlight around, he saw a hammer handle also "sticking from under the front seat." He then went around the car, opened the right door, and discovered a chisel lying beside the front seat, between the seat and the door. The tools above mentioned were then taken into possession by the Danville police, and were the basis for the charge of possession of burglary tools.

The Commonwealth is not entitled to invoke the "plain view" doctrine of *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), because the tools here were not in plain view before the car doors were opened, nor were they inadvertently come across during the course of opening the car doors for a legitimate custodial purpose. The only things in plain

sight from outside the car were the gloves, and they did not provide cause to believe that incriminating objects were in the car. There was no valid reason for the officer to take the gloves from the car, so his opening of the door for that purpose cannot justify the subsequent observing of the tools. The simple truth is that the car was *searched*.

The search is not sought to be justified as one made incidental to an arrest, for weapons, to protect the personal safety of the arresting officer. See *Phillips v. Commonwealth,* Ky., 473 S.W.2d 135 (1971). Nor is it claimed that the car was being impounded and that the door was opened to make an inventory of the car's contents, in the course of which the tools came into plain view. Had it been made, such a claim would be difficult to sustain under the holding in *Commonwealth, City of Danville v. Dawson,* Ky., 528 S.W.2d 687 (1975).

The only ground, other than the "plain view" doctrine, on which the Commonwealth undertakes to justify the search, is that the patrolman had probable cause to believe that the car contained the instruments or fruits of a crime. Reference is made to *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969), in which the Supreme Court conditioned a right to search an automobile on there being "probable cause to believe that the car contains articles that the officers are entitled to seize," or the officer's having "reasonable cause * * * for belief that the contents of the automobile offend against the law."

We are of the opinion that the facts of the instant case do not meet the *Chambers* test. The patrolman had only the three facts that Patrick and Ferguson were in the vicinity of a store at an unusual hour, Patrick had no registration receipt for the car, and Ferguson on a prior occasion had been charged with possession of stolen property. There was nothing to suggest that a crime had been committed in the vicinity, by Patrick, Ferguson, or anyone else, that night, or that they would have in the car the instruments or fruits of some crime committed somewhere on some occasion. There simply was no probable cause for the patrolman to believe that the car had contents offending against the law or of a character entitled to be seized.

No support for the search in this case is claimed to exist, nor can it be found, in *Scillion v. Commonwealth,* Ky., 508 S.W.2d 307 (1974). There the search was for a weapon or weapons which the arresting officer had cause to believe might then and there be used against him.

The judgment is reversed.

All concur except CLAYTON, J., who dissents.

CLAYTON, Justice (dissenting).

I respectfully dissent from the majority opinion.

I interpret the *Scillion* case quite differently from the majority opinion. The facts of the *Scillion* case do not bear out the distinction the majority opinion attempts to make, because there was no indication in *Scillion* that the officers were searching for weapons which they had reasonable grounds to believe might be used against them.

In the case at bar, we must consider the facts giving probable cause to the officer: the late hour; the suspicious nature of appellant's acts in the vicinity of the shopping center, i. e., walking away from the front of a store in a shopping center at 2:30 a. m.; the character report indicating appellant's companion had been previously charged with possession of stolen property; and the inability of appellant to produce a valid registration certificate.

In upholding the conviction of *Scillion,* the court noted at page 308:

"We believe, and we have stated before, that different rules apply to the search of an automobile than apply to the search of a home, and that the mere stopping of an automobile involves neither search nor arrest and hence requires no probable cause, so long as the vehicle

is stopped for a reasonable purpose. *Commonwealth v. Hagan,* Ky., 464 S.W.2d 261 (1971). . . ."

For the foregoing reasons, I would affirm the judgment of conviction.