**Donald RATLIFF et al., individually, etc., Appellants,**

v.

**LEXINGTON–FAYETTE URBAN COUN-TY GOVERNMENT, Appellee.**

Supreme Court of Kentucky.

June 25, 1976.

Rehearing Denied Oct. 1, 1976.

Charles T. Walters, Winchester, for appellants.

George F. Rabe, Commissioner of Law, Donald D. Waggener, Asst. Corp. Counsel, Lexington, for appellee.

PER CURIAM.

Appellants, employees of the United States military installation at Avon, sought to have a license fee ordinance of the Lexington-Fayette Urban County Government declared invalid. The trial court dismissed the complaint because it failed to state a claim upon which relief could be granted.

Appellants admit that an ordinance imposing a license fee is a proper exercise of the constitutional and statutory powers of appellee, and that such a tax may be applied to federal employees.[1] They contend, however, that the ordinance involved in the present case was not legally adopted,

---

1. Such was the holding in the recent case, *Patrick, et al. v. City of Frankfort*, Ky., 535 S.W.2d 88 (Decided May 28, 1976).

and that the ordinance violates appellants' constitutional rights by taking property without due process of law. The opinion will be concerned only with these two arguments.

Section 15.09 of the charter under which the Lexington-Fayette Urban County Government was formed provided:

"All ordinances and resolutions of the City of Lexington * * * which are not inconsistent with the terms and provisions of this Charter shall be effective as ordinances and resolutions of the Lexington-Fayette Urban County Government until they have been repealed, modified or amended."

Validity of the proceedings in the forming of the Lexington-Fayette Urban County Government and KRS Chapter 67A, authorizing merger of city and county governments, was upheld in *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1974). See also *Pinchback v. Stephens*, Ky., 484 S.W.2d 327 (1972). No case involving the exact issue at hand has been cited by either party, but analogies may be drawn from annexation cases. In *Commissioners of Sinking Fund v. Howard*, Ky., 248 S.W.2d 340 (1952), it was held that the city had power to annex a federal area so that persons working in the area would come within the terms of the license-tax ordinance. There, as in the present case, employees not originally within the taxing district became subject to the tax upon annexation without a new ordinance being enacted. In 2 McQuillin, Municipal Corporations, section 8.23, pages 599 and 600 (3rd Ed. 1966), it is said:

"It may be provided that upon consolidation the ordinances of both municipalities shall become effective throughout their combined territories, until amended or repealed by the governing body of the consolidated municipality, with the ordinances of the larger of the two former municipalities taking precedence over ordinances of the small, in case of conflict."

See also *City of Pittsburgh v. Pennsylvania Railroad*, 394 Pa. 58, 145 A.2d 700 (1958).

One factor in favor of upholding the ordinance, that should not be ignored, is that a majority of the voters of Fayette County approved the merger charter, which contained the provision that existing ordinances of the City of Lexington would become effective as ordinances of the urban county government.

Appellants contend that enforcement of the license fee amounts to the taking of property without due process of law. With the enactment of 4 U.S.C.A., section 106, which is part of what is popularly known as the Buck Act, Congress authorized a local taxing district to levy an income tax[2] upon the income of persons working within a federal area. In *Howard v. Commissioners of Sinking Fund*, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953), the court recognized that the Buck Act gave a municipality the right to levy an income tax on federal employees working on federally owned land on which a naval ordinance plant was located.

We believe there are benefits, substantial and realistic, conferred by the urban county government on the employees at Avon. The installation is surrounded by the taxing district. The employees in going to and from work receive police protection and use roadways built or maintained by the urban county government. The urban county government furnishes the employees, along with other persons, with public facilities. Beautiful landscapes and other esthetic benefits are provided. It might well be inferred that Congress, by passage of the Buck Act, acknowledged that inherent in the privilege of working within a federal enclave, surrounded by an area under the control of a local government, was a benefit sufficient to support a local income tax. See *Kiker v. City of Philadelphia*, 346 Pa. 624, 31 A.2d 289 (1943), certiorari denied 320 U.S. 741, 64 S.Ct. 41, 88 L.Ed. 439. Also the fact that there are greater benefits

---

2. 4 U.S.C.A., section 110, defines "income tax" as a tax levied with respect to net income, gross income, or gross receipts.

bestowed on some employees in the taxing district than on others is not important. Cf. *City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248 (1948); *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).

The judgment is affirmed.

All concur except REED, C. J., who concurs in result only.