Gary L. TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–SC–737–DG.

Supreme Court of Kentucky.

Nov. 19, 1998.

Rehearing Denied April 22, 1999.

Frank W. Heft, Jr., Chief Appellate Defender, Jefferson District Public Defender, Daniel T. Goyette, Jefferson District Public Defender, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Suzanne Baker Hite, Assistant Attorney General, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment which had convicted Taylor of possession of cocaine as a subsequent offense and tampering with physical evidence. He was sentenced to nine years in prison.

The major issue in this investigatory-stop case is whether an unnamed tipster's information was sufficient to warrant the stop considering that the defense was not permitted to examine a police officer as to the veracity and reliability of the informant. A separate issue is whether a defendant may properly be convicted of tampering with physical evidence for placing the evidence out of sight while in the open presence of the police. Taylor also complains that a misstatement concerning a prior conviction during the penalty phase of the trial amounts to reversible error.

Three police officers received information from an unnamed informant that two black men in a blue Oldsmobile convertible with the license plate YSD769 would soon be in the area of a particular street corner and that there would be drugs in the vehicle. The police officers patrolled the area and observed the two black men in the blue Oldsmobile convertible with the same Kentucky license plate. The police made a stop and approached the vehicle, identifying themselves as police. The top was down on the convertible and it was daylight, approximately 6:30 P.M. on August 22, 1995. The officers walked to the passenger side of the automobile where Taylor sat. An officer was standing next to him watching as Taylor took a clear plastic bag, later determined to have cocaine contained in it, from his lap and place it under the seat. An ensuing search produced the bag of cocaine and Taylor was arrested and charged.

At trial, Taylor testified in his own defense and admitted having cocaine in his possession on that day in the vehicle. Taylor testified that his cousin had removed the cocaine from his mouth and handed it to Taylor only seconds before they noticed the blue police lights and that the cocaine which was found in the vehicle belonged to his cousin.

The Court of Appeals affirmed the conviction and this Court granted discretionary review.

I

The Court of Appeals correctly determined that no error occurred with regard to the rulings by the circuit judge concerning the suppression of the identity of the informant. Prior to trial, Taylor moved to have the prosecution reveal the identity of the confidential informant and to suppress the evidence of illegal drugs seized at the time of the arrest, arguing that he had been subjected to an illegal search and seizure. The circuit judge at the suppression hearing relied on a sealed affidavit by the police and determined that the identity of the confidential informant would not be disclosed. At the suppression hearing, defense counsel asked one of the officers on cross-examination if he had ever used this particular confidential informant previously. The circuit judge sustained the objection by the prosecution which

was made on the grounds of relevancy and did not allow the defense to ask further questions about the informant. At the conclusion of the suppression hearing, the circuit judge denied the motion to suppress.

Taylor argues here, as he did in the Court of Appeals, that the trial judge erred in not revealing the identity of the informant and in not allowing his counsel to view the affidavit and in not allowing the defense counsel to ask questions about the informant at the suppression hearing.

■ The identity of the confidential informant was properly withheld. KRE 508 provides the Commonwealth with a privilege to refuse to disclose the identity of an informant. Exceptions to the privilege occur when the disclosure is voluntary, when the informant is a witness and when the testimony of the informant is relevant to an issue. The situation here does not come within any of the exceptions to the rule. The Kentucky rule in KRE 508 reflects the decision of the United States Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which indicates that a proper balance regarding nondisclosure must depend on the particular circumstances of each case, taking into consideration the crimes charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

Prior to the adoption of KRE 508 in 1992, Kentucky had a statutory privilege against disclosure provided in KRS 218A.260. In cases interpreting that rule, the courts uniformly held that where the evidence shows that an informant was merely a tipster who leads to subsequent independent police investigation which uncovers evidence of the crime, disclosure of the identity of the informant is not required. *See Hargrave v. Commonwealth*, Ky., 724 S.W.2d 202 (1986) and *Schooley v. Commonwealth*, Ky., 627 S.W.2d 576 (1982).

In *Schooley, supra*, this Court required that a defendant requesting disclosure make a showing that disclosure would be relevant and helpful to the defense. *See also, United States v. Prueitt*, 540 F.2d 995 (9th Cir.1976), cert. denied 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977), which held that such a burden is not met by mere speculation that identity might be of some assistance. This Court held in *Schooley* that "mere speculation that identity of an informant is necessary to a defense is not enough." The informant in this case was not a material witness to the crimes charged and the informant provided only a tip, as in *Schooley*. This tip led police to further investigation and to the making of an investigative stop where the officers observed a suspected controlled substance in plain view in the lap of Taylor. The informant was not present in or near the vehicle when the charged crime was committed. Accordingly, the informant could not have provided any testimony about what occurred when the vehicle was stopped by the police. The argument presented by Taylor is mere speculation that the identity of the informant was somehow necessary to his defense. The trial judge ruled properly that the identity of the informant was subject to the privilege in KRE 508.

The circuit court also correctly refused to allow the defense to review the sealed affidavit regarding the confidential informant. On appeal, the argument is not properly preserved for appellate review. RCr 9.22. The trial record indicates that the judge and the prosecution had discussed whether the affidavit should be revealed to the defense but the defense never objected to the sealed affidavit or requested an opportunity to review it. Consequently, the argument presented on appeal is not properly preserved for appellate review because of the failure to object. *Cf. Britt v. Commonwealth*, Ky., 512 S.W.2d 496 (1974).

■ Finally, the circuit court properly limited the suppression hearing cross-examination with regard to the confidential informant. There is a distinction between the confrontation clause protections in a pretrial hearing from those protections at public trial.

We fully realize that the informant privilege is qualified and the need for evidence in specific situations in criminal cases may exceed the policy consideration of informant protection which underlies the privilege. Such special circumstances are not present here.

In this case the trial judge did not abuse his discretion when he accepted the sealed affidavit and limited the defense cross-examination with regard thereto. The confidential informant's asserted reliability was established by independent police surveillance which confirmed each element of the tip. The defense cannot circumvent the privilege accorded to the informer by claiming to test reliability, an issue which was properly decided by the trial judge based on the affidavit and other facts presented by the Commonwealth.

## II

■ The trial judge correctly ruled that the stop of the vehicle was justified. The totality of the circumstances, including the very specific information from the informer which was confirmed in every detail by independent police observation, reasonably led the police to believe that the tip was sufficiently truthful and reliable to justify the stop of the vehicle. *Cf. Cook v. Commonwealth*, Ky., 649 S.W.2d 198 (1983). The trial judge held a hearing on the question of the legality of the stop and following the testimony of the arresting officer, denied the motion to suppress. The findings of the trial court are conclusive when supported by substantial evidence as is the case here. RCr 9.78. *See also Simpson v. Commonwealth*, Ky.App., 834 S.W.2d 686 (1992).

■ In order to justify an investigatory stop of an automobile, the police must have a reasonable articulable suspicion that the persons in the vehicle are, or are about to become involved in criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Commonwealth v. Hagan*, Ky., 464 S.W.2d 261 (1971). In order to determine whether there was a reasonable articulable suspicion, the reviewing appellate court must weigh the totality of the circumstances. *See Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). There was no error in this case.

## III

■ It was not error for the trial judge to deny the defendant's motion for a directed verdict on the charge of tampering with physical evidence. The argument that because he placed the cocaine under the seat in the plain view of the officers, that he did not actually "conceal" the cocaine because the officers knew where the drugs were, is unconvincing.

KRS 524.100 provides that:

**Tampering with physical evidence.**—(1) A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:

(a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding; or

(b) Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.

(2) Tampering with physical evidence is a Class D felony. (Enact. Acts 1974, ch. 406, § 209.)

*Cf. Smith v. Commonwealth*, Ky., 722 S.W.2d 892 (1987).

■ On a motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. *Edmonds v. Commonwealth*, Ky., 906 S.W.2d 343 (1995). On appellate review, the test of a directed verdict is whether under the evidence as a whole it would be clearly unreasonable for a jury to find the defendant guilty and the defendant is entitled to a directed verdict only when the answer is yes. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991); *Perdue v. Commonwealth*, Ky., 916 S.W.2d 148 (1995).

## IV

■ It was not reversible error when a court clerk witness erroneously testified in the penalty phase that Taylor previously had been convicted of trafficking in cocaine. The deputy clerk immediately corrected himself and testified that it had been amended to illegal possession of a controlled substance.

The trial judge overruled the defense motion and allowed the prosecution to proceed. The clerk then testified that Taylor had been convicted of trafficking in a controlled substance, operating on a suspended license and wanton endangerment in other cases.

RCr 9.24 provides that "no error ... is ground for granting a new trial or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice." The misstatement by the deputy clerk in this case was a brief error that was immediately corrected. It did not affect the substantial rights of the defendant or interfere with substantial justice.

Citation to *Perdue, supra,* to support the arguments for a new trial is without merit. *Perdue* is easily distinguishable from this case because Taylor did not receive the maximum penalty for either offense, and the situation is not one involving a heinous crime or the death penalty, as was the case in *Perdue.* There was no error.

The Court of Appeals correctly determined that no error occurred with regard to the rulings by the trial judge concerning the identity of the confidential informant or any other aspect of the case.

The decision of the Court of Appeals and the judgment of conviction are affirmed.

LAMBERT, C.J., COOPER, GRAVES and JOHNSTONE, JJ., concur.

STEPHENS and STUMBO, JJ., believe there is absolutely no evidence to justify conviction on the concealment issue. Therefore they dissent from that part of the opinion.