**Francis L. BAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 98–SC–0142–DG.**

Supreme Court of Kentucky.

Nov. 18, 1999.

V. Gene Lewter, Fayette County Legal Aid, Inc., Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Michael Harned, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

STEPHENS, Justice.

Appellant, Francis L. Baker, was convicted in the Fayette Circuit Court for first-degree possession of a controlled substance and being a persistent felony offender in the second degree. The Court of Appeals affirmed the convictions and this Court granted Appellant's motion for dis-

cretionary review. After hearing oral arguments and reviewing the record, we affirm the decision of the Court of Appeals.

On September 24, 1994, two Lexington police officers were patrolling an area of Lexington commonly associated with drug and prostitution activity when they observed Appellant and a known prostitute standing on a corner having a conversation. The officers told the prostitute to leave the area, and both she and Appellant walked away. When the officers returned to the area a few minutes later, Appellant and the prostitute were again standing at the same location. Officer Richmond parked his patrol car and approached the two. Officer Richmond testified that Appellant was wearing baggy pants and had his hands in his pockets, although he acknowledged that Appellant did not say anything or make any threatening gestures. However, because it was late at night, it was a high crime area, and Appellant was wearing clothing that could conceal a weapon, Officer Richmond asked him to remove his hands from his pockets. When Appellant did not respond or act immediately, Officer Richmond ordered him to remove his hands from his pockets. As Appellant did so, he threw two objects to the ground: a crack pipe and a small foil packet containing what later tested positive as crack cocaine. As a result, Appellant was arrested and charged with possession of crack cocaine and drug paraphernalia.

Subsequent to his indictment, Appellant moved to suppress the evidence obtained prior to his arrest on the grounds that it was the fruit of an unlawful seizure. Following a hearing, the trial court ruled that Appellant was not seized within the meaning of the Fourth Amendment. Moreover, the trial court concluded that Appellant's refusal to comply with Officer Richmond's initial request to remove his hands from his pockets created the necessary articulable suspicion that Appellant was about to commit a criminal offense, and thus the officer's subsequent order was reasonable

to ensure his own safety. Appellant thereafter entered a conditional guilty plea accompanied by a recommended sentence of ten years.

On appeal, the Court of Appeals agreed that Officer Richmond's initial request did not constitute a seizure, since his only concern was for his safety in light of the circumstances present at that time. The Court of Appeals did determine that the subsequent order constituted a seizure, however, at that point "a particularized and objective basis" existed for Officer Richmond to stop Appellant. The court concluded that the seizure was proper considering the totality of the circumstances.

The Commonwealth's petition for modification of the Court of Appeal's opinion was denied. This Court granted discretionary review to address the issue concerning when questioning by a police officer becomes a "stop" or a "seizure," and under what circumstances such is appropriate absent a warrant or other exigency. We conclude that Officer Richmond's conduct in ordering Appellant to remove his hands from his pockets amounted to a seizure, which was reasonable considering the totality of the circumstances. Thus, we affirm the decision of the Court of Appeals.

Appellant argues that his refusal to comply with Officer Richmond's initial request did not create the necessary reasonable suspicion that he was committing or about to commit a crime, so as to justify the subsequent seizure. As such, he contends that the evidence of crack cocaine and drug paraphernalia was obtained as a result of an unlawful seizure, and thus the trial court's refusal to suppress that evidence was clearly erroneous.

■ The Commonwealth, on the other hand, argues that Appellant was never, in fact, seized and urges this Court to adopt the holding in *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In *Hodari D.*, the defendant ran when he saw a police car approaching and failed to stop when a police officer ordered

him to halt. Immediately prior to the officer tackling him, the defendant tossed away a small rock, which proved to be crack cocaine. *Id.* at 623, 111 S.Ct. at 1548. The United States Supreme Court stated that to constitute a seizure, there must be either the application of physical force, however slight, or submission to an officer's show of authority to restrain the subject's liberty. Accordingly, the Court held that "assuming that [the officer's] pursuit . . . constituted a 'show of authority' enjoining Hodari to halt, since Hodari did not comply with that injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of the seizure." *Id.* at 629, 111 S.Ct. at 1552. The Commonwealth asserts that in this case, Appellant was not seized within the meaning of the Fourth Amendment until after he complied with Officer Richmond's order and, therefore, the discarded contraband was not the "fruit of the poisonous tree," *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), but rather the product of Appellant's act of abandonment. We disagree, and decline to extend the holding of *Hodari D.* either to the facts of this case or to the current applicable law as it defines seizure.

▄ As the United States Supreme Court noted in *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968), "not all personal intercourse between policemen and citizens involves 'seizures' of persons." Moreover, officers "do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place. . . ." *Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred." *Terry, supra.* In *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the Court held that a person has been seized

when, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *Id.* at 554, 100 S.Ct. at 1877. The *Mendenhall* Court identified factors that might suggest that a seizure has occurred, such as the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Id.*

▄ In this case, Officer Richmond's first request for Appellant to remove his hands from his pockets clearly was not a seizure. Officer Richmond acknowledged that Appellant was not under suspicion at that time, and the request was merely a safety precaution. Ironically, had Appellant removed his hands from his pockets, and had no illegal substances been forthcoming from that act, he would have been free to leave, having not exhibited any other criminal conduct. However, Officer Richmond's subsequent direct order for Appellant to remove his hands from his pockets must be interpreted as a show of authority which, we believe, would compel a reasonable person to believe he was not free to leave. *Id.* There can be no question then, that Officer Richmond "seized" Appellant at that point in time.

▄ Having determined that a seizure occurred, this Court must now decide whether such was reasonable absent a warrant or exigent circumstances. The determination "is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry, supra,* at 20, 88 S.Ct. at 1879. Whether a seizure is reasonable requires a review of the totality of the circumstances, taking into consideration the level of police intrusion into the private matters of citizens and balancing it against the justification for such action. *Id.* at 21, 88 S.Ct. at 1879–80. In *Deberry v. Com-*

*monwealth,* Ky., 500 S.W.2d 64, 66 (1973), this Court stated,

> A distinction is made upon the basis of the purpose of the seizure and officers are permitted to make brief stops or seizures of persons for purposes of investigation when the circumstances are such that the action appears reasonable when the need to investigate is balanced against the invasion which the seizure entails. In such cases no probable cause need exist at the time for believing the person stopped has actually committed a crime.... Thus in *Terry,* under circumstances which did not show probable cause for believing a crime had been committed, the court held that the officer was justified in stopping Terry for investigation and having stopped him was also justified in searching him for weapons to insure the safety of the officer.

Since there was no warrant in this case, and Appellant's conduct which precipitated the seizure was simply a refusal to abide by a request, the burden was on the Commonwealth to demonstrate that Officer Richmond had "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed] the intrusion." *Terry, supra,* at 21, 88 S.Ct. at 1880; *see also Beck v. State of Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In other words, would the facts available to Officer Richmond at that moment convince a reasonable person that the action taken was appropriate. *Id.*

■ Given the facts available to Officer Richmond on the night in question, namely that it was late in a high crime area, and Appellant was in the company of a known prostitute, was wearing clothing that could conceal a weapon, and refused to comply with Officer's Richmond's initial request, this Court concludes that there existed specific and articulable reason to believe that criminal conduct may have occurred or was occurring at the time Appellant was ordered to remove his hands from his pockets.

■ Although Appellant's conduct prior to the seizure may have been as consistent with innocent activity as with criminal activity, that fact in and of itself did not preclude Officer Richmond from entertaining a reasonable suspicion that criminal activity could have been occurring once Appellant failed to comply with the request to remove his hands from his pockets. *See United States v. Gomez,* 776 F.2d 542 (5th Cir.1985). When an officer is justified in believing that an individual, who is unquestionably not cooperative, may be armed, it would be clearly unreasonable to deny that officer the authority to take necessary measures to determine whether the individual is, in fact, carrying a weapon, and to alleviate the threat of physical harm. *See Terry, supra.*

Accordingly, the trial court's finding that the evidence obtained prior to Appellant's arrest was admissible since it was not the product of an unlawful seizure, is supported by substantial evidence and is therefore conclusive. RCr 9.78; *Harper v. Commonwealth,* Ky., 694 S.W.2d 665 (1985), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986).

The decision of the Court of Appeals is hereby affirmed.

All concur.

KELLER, J., not sitting.