**COMMONWEALTH OF KENTUCKY**
Appellant

v.

**William Vincent HENDERSON**
Appellee

No. 2000–SC–0233–DG.

Supreme Court of Kentucky.

Sept. 26, 2002.

LAMBERT, Chief Justice.

Appellee, William Vincent Henderson, was convicted of one charge each of second degree robbery, tampering with physical evidence [1] and first degree persistent felony offender. The Court of Appeals reversed his convictions for tampering with physical evidence and PFO because the

evidence did not support the tampering conviction. We granted discretionary review (CR 76.20) and reverse the Court of Appeals.

Lea Anna Toney was returning to her apartment early one morning when Appellee and another person pulled up behind her in their car. The driver, Darryl Baker, grabbed her purse breaking the strap and drove away. Later, the police pulled the car over because it fit the description of the car driven by the purse snatcher and Officer Combs began asking questions of the occupants of the car. Baker drove away while Officer Combs was still asking questions regarding the purse. The police took chase after the car.

At some point during the chase, the purse, emptied of its money, was thrown out the window of the car. Appellee admitted that during the chase he put the money from the purse in the insole of his shoe. The issue here is whether Appellee's act of placing the money in his shoe is sufficient to sustain the tampering with physical evidence conviction.

The Court of Appeals distinguished *Burdell v. Commonwealth* [2] and *Taylor v. Commonwealth* [3] from the present case because Appellee concealed the evidence on his person instead of some other location. The Court of Appeals held that in those cases the defendants were trying to "disrupt the investigatory process by attempting to separate themselves from incriminating evidence." To the extent the Court of Appeals regarded physical separation as a bright line requirement, we disagree. The

---

1. KRS § 524.100. Tampering with physical evidence.
    (1) A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:
    (a) Destroys, mutilates, conceals, removes or alters physical evidence which he be-
lieves is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding.

2. Ky., 990 S.W.2d 628 (1999).

3. Ky., 987 S.W.2d 302 (1998).

investigatory process, which includes police chases, can be disrupted by hiding evidence on one's person in an unconventional place such as the insole of a shoe or perhaps within the inner lining of a jacket or other item of clothing or by swallowing it. The Court of Appeals reasoned that concealment in the shoe is the equivalent of placing money in a pocket. We believe there is a difference. When money is placed in a pocket there likely will be no evidence of intent to conceal. On the other hand, when stolen money is placed in a shoe, a jury may properly find the necessary intent.

We must however make a cautionary statement regarding placement of evidence in conventional versus unconventional locations. The type of evidence and the place where it is hidden is relevant. Whether the evidence is hidden during a police chase is also relevant. A conventional place may become an unconventional place if the police are chasing the suspect when the evidence is hidden. For example, some people do carry money in their shoes to avoid the type of crime that was committed in this case. However, they do not ordinarily carry it in the insole of their shoes. And the placement of money in a shoe while being pursued by the police might convert a somewhat conventional location into an unconventional one sufficient to support a tampering conviction.

Appellee further argues that there was no evidence presented at trial that he hid the money in his shoe to prevent that money from being used in an official proceeding. With this we also disagree. It should be recalled that Appellee was in a car trying to evade the police who were in pursuit. Appellee threw the purse out the window or so the evidence suggests since the purse was found on his side of the road. He then placed the money in the insole of his shoe. From this evidence there arises a reasonable inference that Appellee attempted to conceal the physical evidence to prevent it from being used in an official proceeding.

■ Concern has been expressed that a barrage of felony charges against those who otherwise would be charged only with misdemeanors will now be brought. Appellee argues that all misdemeanor thefts such as shoplifting may now be prosecuted as felony tampering. Tampering does not arise by the mere act of hiding property on one's person to avoid detection of shoplifting. Ordinarily, shoplifters must conceal the contraband to make good their escape without detection. Therefore, the concealment is directly incident to the underlying crime. The statute requires more. The concealment must be to prevent the evidence from being used in an official proceeding, a fact that is lacking in the typical shoplifting situation.

The Court of Appeals held that Appellee did not "impair [the evidence's] verity or availability in an official proceeding" (KRS 524.100(1)) because it was always on his person and the Commonwealth did not prove that there was any impairment of availability. In a footnote, the Court of Appeals noted that swallowing money or drugs would be tampering even though the evidence would be technically on the person. By swallowing the person intends to impair the evidence's verity or availability in an official proceeding. We find no distinction between swallowing evidence and placing it in the insole of a shoe. The intent of the offender is the same: to prevent law enforcement officials from finding the evidence and using it in an official proceeding.

For the foregoing reasons, the Court of Appeals is reversed and the judgment of the trial court is reinstated.

LAMBERT, C.J., and COOPER, GRAVES, JOHNSTONE, and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion.

KELLER, J., not sitting.

STUMBO, Justice, Dissenting.

Respectfully, I must dissent from the opinion of the majority. As noted by the Court of Appeals in its opinion, there was no evidence that the money's concealment in any way impaired "its verity or availability in the official proceeding," as required by KRS 524.100(1)(a). The cases upon which the majority relies involved cases in which there was an active attempt on the part of the accused to disrupt the investigatory process by separating him or herself from the incriminating evidence. The money was concealed upon Appellee's person and was in his actual possession when he was taken into custody. The situation was little different from what it would have been had he simply placed the money in his pocket.

Thus, I would set aside the conviction for tampering with physical evidence, which would require the vacation of his conviction for PFO I as well, since KRS 532.080(3) requires conviction of a third felony after having previously experienced two prior felony convictions. The failure of the underlying felony conviction would render improper Appellee's conviction for being a PFO I.

For the reasons set forth herein, I would reverse and remand for entry of a new sentence in accordance with this opinion.