Leonard **GRAY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2002–CA–002182–MR.

Court of Appeals of Kentucky.

March 5, 2004.

Discretionary Review Denied
by Supreme Court Dec. 8, 2004.

David T. Eucker, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, Matthew D. Nelson, Assistant Attorney General, Frankfort, KY, for appellee.

Before McANULTY, MINTON, and SCHRODER, Judges.

## OPINION

McANULTY, Judge.

Leonard Gray (hereinafter appellant) appeals an order of the Christian Circuit Court denying his motion to suppress cocaine evidence and his statement. Appellant entered a conditional guilty plea to one count of possession of a controlled substance in the first degree and one count of being a persistent felony offender (PFO) in the first degree. The Court imposed a sentence of five years for possession of a controlled substance in the first degree, enhanced to ten years by the PFO conviction; however, he was granted probation.

■ Appellant argues that the officers did not possess reasonable suspicion that he was, or was about to be, engaged in criminal activity in order to justify stopping him at the abandoned house. *See* *Terry v. State of Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellant believes that the officers relied merely on appellant's presence at the scene of suspected criminal activity, which standing alone is not sufficient to provide reasonable suspicion, *citing Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Appellant further contends that the detention continued longer than was constitutionally permissible without the existence of probable cause.[1]

■ The Commonwealth's response on appeal is that the trial court failed to enter required findings of fact in this case so as to enable review. RCr 9.78 states that following an evidentiary hearing on a motion to suppress, the trial court "shall enter into the record findings resolving the essential issues of fact raised by the motion or objection and necessary to support the ruling. If supported by substantial evidence the factual findings of the trial court shall be conclusive." The court denied the suppression motion from the bench by stating that appellant was properly informed of his rights and the statement was admissible. A review of the record reveals that the court made a written entry regarding the suppression motion on the docket on August 23, 2002, the date of the hearing. The court's docket records the motion to suppress, after which it is handwritten: "Denied; statement was voluntary and not coerced. Officers were justified in investigating circumstances of △'s [defendant's] presence @ house."

■ We conclude that this entry resolved the "essential issues of fact" necessary to the ruling on the motion to sup-

1. Appellant also argues on appeal that the police did not have a reasonable belief that he was armed in order to justify frisking him for weapons. However, appellant did not challenge the frisk for weapons in the trial court, and so we conclude this issue was not preserved for appellate review.

press, and was sufficient to afford review of the various Fourth Amendment issues implicated in the stop. The standard of review for an appeal of an order denying suppression is whether the factual findings of the trial court were "clearly erroneous." *Commonwealth v. Banks,* Ky., 68 S.W.3d 347, 349 (2001). The presence or absence of "reasonable suspicion" is determined on appeal under a *de novo* standard of review. *Kotila v. Commonwealth,* Ky., 114 S.W.3d 226, 232 (2003) *citing Ornelas v. United States,* 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996) and *Banks,* 68 S.W.3d at 349.

 Police officers may briefly detain an individual on the street, even though there is no probable cause to arrest him, if there is a reasonable suspicion that criminal activity is afoot. *Terry,* 392 U.S. at 20–23, 88 S.Ct. at 1878–81; *Taylor v. Commonwealth,* Ky., 987 S.W.2d 302 (1998), cert. denied, 528 U.S. 901, 120 S.Ct. 239, 145 L.Ed.2d 200 (1999). "[W]henever a police officer accosts an individual and restrains his freedom to walk away; he has 'seized' that person." *Terry,* 392 U.S. at 16, 88 S.Ct. at 1877, 20 L.Ed.2d 889. The scope and duration of police activities permitted during an investigative stop depends largely on the purposes intended to be served by the stop. *United States v. Sharpe,* 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). Under *Terry,* we determine whether the officer's action "was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry,* 392 U.S. at 19–20, 88 S.Ct. at 1879; *Baker v. Commonwealth,* Ky., 5 S.W.3d 142, 145 (1999).

 Appellant argues that the stop was not justified in the first place because there was no reasonable suspicion provided by his "mere presence at the scene of a property under 'extra watch.'" We dis-

agree. The police officer observed appellant backing his vehicle into the yard of an abandoned property. Appellant was in reality trespassing on property belonging to another. The owner had placed it under "extra watch" because of problems he had had with people coming onto and using the property. Appellant was observed committing a violation of law that the police had been asked to anticipate. Trespassing and loitering, being minor criminal activity, alone provide sufficient reasonable suspicion for an officer to stop and question a subject. *Simpson v. Commonwealth,* Ky.App., 834 S.W.2d 686, 688 (1992).

 Appellant next argues that further questioning that goes beyond the original purpose of the stop must be supported by additional reasonable suspicion. He asserts that the officer's stop of the defendant had to end once Sharrard Kendrick, who had joined appellant at the vehicle, indicated that appellant was only there to bring him food. We do not agree, however, that it is clear that the purpose of the stop had been fulfilled at that point—that the officer's suspicions had been dispelled or his investigation completed such that appellant should have been released. Appellant was still evidently trespassing. The officer was justified in examining appellant's identification and checking for warrants to investigate his presence at the scene. Appellant has not persuaded us that an officer may not conduct these checks as part of his initial investigatory stop based on reasonable suspicion, as in this case. *See Simpson,* 834 S.W.2d at 687. Therefore, we conclude that the officer's warrant check was reasonably related in scope to the circumstances that justified the stop in the first place.

 While the officer was waiting for the warrant check to be completed, the

backup officer discovered the package of cocaine on the ground. Since we have determined that there was no Fourth Amendment violation prior to that time, we find no error. Furthermore, the trial court properly found there was no basis for suppressing appellant's statement to police. We conclude that the trial court's findings of fact were supported by substantial evidence and the stop was justified by reasonable suspicion.

For the foregoing reasons, we affirm the order of the Christian Circuit Court denying suppression, and we affirm appellant's conviction.

ALL CONCUR.