Joshua BOYLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–CA–000761–DG.

Court of Appeals of Kentucky.

Oct. 26, 2007.

Rehearing Denied Jan. 23, 2008.

Jonathan R. Baker, Robert R. Baker, Stanford, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, John E. Hackley, Special Assistant Attorney General, Stanford, KY, for appellee.

Before LAMBERT, MOORE, and NICKELL, Judges.

## OPINION

LAMBERT, Judge.

Joshua Boyle appeals his conditional guilty plea to driving under the influence of alcohol (DUI) charge. For the reasons stated herein, we affirm his conviction.

### Background

On August 25, 2005, at 12:41 a.m., in Stanford, Lincoln County, Kentucky, a peace officer pulled Boyle over because the officer suspected that the single orange road construction barrel in the bed of Boyle's truck was stolen government property. When the officer approached Boyle, he smelled alcohol. After Boyle failed several sobriety tests, the officer arrested Boyle for DUI. Boyle confessed his guilt to the DUI charge, but nevertheless asserts that the traffic stop leading to his arrest and conviction violated his constitutional rights.

## Legal Standards

 The law is well settled that an investigatory traffic stop is constitutionally justified if and only if the facts and totality of circumstances surrounding the stop indicate the existence of a reasonable and articulable suspicion that the suspect is engaged in unlawful activity. *See, e.g., Taylor v. Commonwealth,* 987 S.W.2d 302, 305 (Ky.1998). The reasonable and articulable suspicion standard is a significantly lower standard than the probable-cause standard. *Baker v. Commonwealth,* 5 S.W.3d 142, 146 (Ky.1999). Also, the subjective motivation of the investigating peace officer is immaterial as to whether the facts and circumstances surrounding a traffic stop are indicative of an objectively reasonable and articulable suspicion of crime. *Whren v. U.S.,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

## Analysis

 The uncontroverted, material facts surrounding the investigatory stop in this case are that Boyle drove his unmarked pick-up truck after midnight with a single orange, road-construction barrel in its bed. Because we know "as a matter of ordinary human experience" that the increasingly ubiquitous orange, road-construction barrel is ordinarily transported during daylight hours, in bunches, and by marked construction or government vehicles, we find that, at the time of the investigatory stop leading to Boyle's arrest and guilty plea, there was indeed a reasonable and articulable suspicion that Boyle was in possession of a stolen barrel. *See, U.S. v. Sharpe,* 470 U.S. 675, 685, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (requiring use of "common sense and ordinary human experience" to adjudicate investigatory traffic stops). Thus, even though the barrel was later shown to have been borrowed, not stolen, the arresting officer's investigatory stop was not unconstitutional or improper. Indeed, but for Boyle's palpable intoxication, the stop would have been momentary and therefore not a significant violation of Boyle's privacy interests when compared to the Commonwealth's significant interest in investigating possible criminal activity.

## Conclusion

Because the foregoing analysis reveals that the undisputed facts support the lower court's legal conclusion that the traffic stop in this case was constitutional, we hold as a matter of law that the court below correctly overruled Boyle's motion to suppress. *See, e.g., Commonwealth v. Neal,* 84 S.W.3d 920, 923 (Ky.App.2002) (stating standard of review). Accordingly, we affirm Boyle's DUI conviction, which he entered on his conditional plea of guilty.

MOORE, Judge, concurs.

NICKELL, Judge, Dissents and Files Separate Opinion.

NICKELL, Judge, Dissenting:

Respectfully, I must dissent. I believe the majority is erroneous in affirming the trial court's finding that the traffic stop was legal.

The facts in this case are not in dispute. On August 25, 2005, Boyle was driving his pickup truck on Main Street at 12:41 a.m. in Stanford, Lincoln County, Kentucky. Boyle was carrying an orange construction barrel in the bed of the truck. The barrel had been given to Boyle by his employer [1] for use in his landscaping business. Absent this knowledge, Trooper Jeffrey Goins of the Kentucky State Police pulled Boyle over to investigate whether the con-

---

1. Boyle was employed by Inter–County Elec- tric on a road crew.

struction barrel might have been stolen. Upon approaching Boyle's truck, Trooper Goins smelled alcohol. Boyle failed several sobriety tests and was arrested for driving under the influence of alcohol (DUI).[2] Subsequent to his arrest, Boyle submitted to a test of his blood alcohol level.

On October 13, 2005, Boyle filed a motion to suppress the results of the field sobriety tests claiming the results were obtained following an illegal stop of his vehicle. The Lincoln District Court denied Boyle's motion on October 27, 2005. Thereafter, on December 22, 2005, Boyle entered a conditional guilty plea pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09, to DUI, first offense, preserving his right to appeal the denial of the motion to suppress. On March 9, 2006, the Lincoln Circuit Court issued its opinion which affirmed the district court's order. This Court granted discretionary review of this case on June 14, 2006.

The only issue for our review is whether the traffic stop was legal. Boyle contends it was not, arguing there is nothing criminal about transporting an orange barrel in the bed of a truck. The Commonwealth, however, argues that hauling an orange construction barrel in a privately-owned pickup truck after midnight gave rise to a reasonable suspicion that the barrel was stolen. It is well-settled that if a police officer has a reasonable and articulable suspicion that criminal activity has occurred or is about to occur, a police officer may briefly detain a person for investigative purposes. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Baltimore v. Commonwealth*, 119 S.W.3d 532, 538 (Ky.App.2003), we set forth a two-part analysis for evaluating the legitimacy of an investigatory stop. "First, whether there [was] a proper basis for the stop based on the police officer's awareness of specific and articulable facts giving rise to reasonable suspicion. Second, whether the degree of intrusion was reasonably related in scope to the justification for the stop" [footnotes omitted].

The standard for our review is set forth in *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Pursuant to the direction provided in *Ornelas*, the determination of a lower court regarding a suppression motion based on an alleged illegal search is subject to a two-pronged analysis. First, historical facts should be reviewed for clear error, and the facts are deemed to be conclusive if supported by substantial evidence. Second, determinations of reasonable suspicion and probable cause are mixed questions of law and fact and are therefore subject to *de novo* review. Furthermore, we are bound to give "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Id.*, 517 U.S. at 699, 116 S.Ct. 1657. As the facts herein are not in issue and are supported by substantial evidence, they are deemed to be conclusive. On this issue, I agree with the majority. However, I disagree with the majority's summary determination regarding the propriety of the trial court's ruling as to the reasonableness of the officer's suspicion of criminal activity to effectuate the traffic stop at issue.

Boyle argues that Trooper Goins was acting on a hunch and his suspicions were unreasonable based on the totality of the circumstances. I agree. The requirement under *Terry, supra*, that a police officer have a reasonable and articulable suspicion that criminal activity has occurred or is imminent prior to effectuating a brief detention for investigative purposes demands more that a mere hunch, guess, general

---

**2.** Kentucky Revised Statutes (KRS) 189A.010.

assumption, or intuitive feeling. The suspicion must have a reasonable and legitimate basis.

During the suppression hearing, Trooper Goins stated only one reason for stopping Boyle's vehicle: Boyle was carrying an orange construction barrel in the bed of his pickup truck. Boyle was operating his vehicle in a legal manner, and was not speeding or swerving. On cross-examination, Trooper Goins testified that his decision to stop Boyle was not based on any tip, call, or complaint that a construction barrel had been stolen, nor had he issued citations to anyone for stealing a construction barrel in the preceding 12 months. The basis of the stop was a general assumption that sometimes construction barrels are stolen.

The majority asserts, without any support from the record, "we know 'as a matter of ordinary human experience'" that orange construction barrels are "ordinarily transported during daylight hours, in bunches, and by marked construction or government vehicles...." Therefore, the majority reasons Boyle's mere possession of an orange construction barrel in the truck bed of his personal vehicle after midnight provides a reasonable and articulable suspicion that the barrel was stolen, and thus a proper basis for a traffic stop.

However, in my understanding of "ordinary human experience" such construction barrels are readily available for purchase and use by not only government agencies and business operations but also by private individuals.[3] The majority fails to note there is no legal proscription against private ownership or possession of a construction barrel, nor does the majority take into account the increasing amount of public and private construction work which oc-

curs during the nighttime hours so as to not disturb traffic flow during the day. I believe the precedent the majority sets today takes a huge step down the wrong path. The slippery slope of the majority's reasoning might just as easily be applied to other items of legally owned or possessed property being hauled about in one's privately owned vehicle. The majority's result in this case clearly ignores established principles of law.

In weighing the totality of the circumstances surrounding the stop of Boyle's vehicle, I believe the stop was illegal and the district court should have suppressed the evidence obtained as a result. In no way can it be established based on the facts of this case that Trooper Goins had a specific, reasonable, and articulable suspicion to stop Boyle's vehicle. I believe the stop in this case was impermissible and the evidence obtained as a result should have been suppressed. For these reasons, I would reverse the Lincoln Circuit Court's judgment and remand to the Lincoln District Court for further proceedings consistent with this dissent.

---

**3.** In fact, suppliers of orange construction barrels and other traffic control devices can be easily found in the phone directory or on the Internet. Furthermore, these suppliers do not limit sales of their products solely to government or businesses entities.