RENDERED: OCTOBER 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0252-DG

COMMONWEALTH OF KENTUCKY                 APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.               CASE NO. 2019-CA-1260
MARION CIRCUIT COURT NO. 18-CR-00241

PERRY BELL                      APPELLEE

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>AFFIRMING</u>**

A Marion County Circuit Court jury found Perry Bell guilty of one count of tampering with physical evidence and being a persistent felony offender in the second-degree. He was sentenced to eight years in prison. Bell appealed and the Court of Appeals reversed Bell's conviction. The Commonwealth filed a motion for discretionary review which we then granted. We now affirm the Court of Appeals and remand to the trial court to enter judgment consistent with this opinion.

## I.     FACTS AND PROCEDURAL BACKGROUND

Sergeant Cardwell was on duty early in the morning on October 28, 2019. Around five a.m. he came across a vehicle without its lights on parked in the middle of a dead-end road in the Hamilton Heights area, an area known to

the police for frequent drug activity. Sergeant Cardwell approached the vehicle on the driver's side and spoke first to the driver. There he observed Bell sitting in the passenger seat. Sergeant Cardwell observed Bell's right hand clenched in a fist. Bell maintained his right hand in a fist and shifted his weight to the left. Bell moved his clenched hand toward the right side of his body and put it under his right leg. When Bell brought his hand back up, it was open.

At that point, Corporal Chris Cook arrived at the scene. Sergeant Cardwell informed Corporal Cook that he suspected Bell was trying to hide something. Corporal Cook approached the passenger side door and observed Bell sitting inside the vehicle. When Corporal Cook opened the door, he immediately observed a small plastic bag, or bindle, which contained a green leafy substance. This was later determined to be synthetic marijuana, or "spice." Corporal Cook testified the bag was "clearly visible" and was resting on a forward seat control button on the side of the seat. Corporal Cook then arrested Bell.

Bell was indicted by a Marion County grand jury for possession of synthetic marijuana, possession of a controlled substance in the third-degree, possession of drug paraphernalia, tampering with physical evidence and for being a persistent felony offender in the second degree.[1]

---

[1] Bell was convicted on these charges but the only issue on this appeal is the conviction for Tampering with Physical Evidence. The persistent felony offender in the 2nd degree sentencing enhancement was predicated on this, the only felony conviction, in this case.

During Bell's trial, at the close of the Commonwealth's case and again at the close of evidence, Bell moved for a directed verdict on the tampering charge. Bell argued that no reasonable juror could find that he concealed the synthetic marijuana with the requisite intent. The trial court denied Bell's motion and the jury ultimately convicted Bell of tampering with physical evidence and being a persistent felony offender in the second-degree. Bell was sentenced to eight years in prison. Bell appealed his conviction to the Court of Appeals which reversed and remanded the case to the trial court. The Commonwealth moved this court for discretionary review, which we then granted. We now address the merits of the appeal.

## II.    ANALYSIS

The Commonwealth argues the Court of Appeals erred when it overruled the trial court because the trial court was correct to deny Bell's motion for a directed verdict. This Court has previously stated that:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991). "On appellate review, the test for a directed verdict is if, under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then is the defendant entitled to a directed verdict of acquittal." *Id.* (citing *Commonwealth v. Sawhill,* 660 S.W.3d 3, 4-5 (Ky. 1983)).

3

The sole issue in this case is whether the Commonwealth presented enough evidence at trial to support a conviction for tampering with physical evidence. Under Kentucky Revised Statutes (KRS) 524.100:

> A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:
>
>> (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding. . . .

The Court of Appeals overruled the trial court based largely on this Court's decision in *Commonwealth v. James,* 586 S.W.3d 717 (2019). In *James,* this Court was also tasked with determining whether a defendant's conduct was sufficient for a conviction of tampering with physical evidence. The defendant in *James* dropped a glass pipe containing methamphetamine in the presence of a police officer. *Id.* at 720. The facts of that case, as stated in this Court's opinion are as follows:

> As James walked away from the officers and ignored orders to stop and show his hands, Detective Jenkin observed several items falling from James's waistline area to the ground. Detective Jenkin could not specifically identify the items being dropped but stated that "the last and final item that I saw fall from waistline area was a black cylindrical item." Although James was walking away from Detective Jenkin at the time the items were dropped, Detective Jenkin testified that all of this occurred at about four o'clock in the afternoon daylight and that nothing impaired his vision.

*Id.* In *James,* we were tasked with interpreting the words "conceal" and "remove" in the context of the tampering statute. We resolved that, in the context of that case, there was a "less-than-clear application of the statute to

4

the facts. . . .” *Id.* at 726. So, we looked to our sister jurisdictions that have enacted similar statutory provisions of the Model Penal Code, specifically Section 241.7. Our review found that most of them agreed that:

> [W]hen a person who is committing a possessory offense drops evidence in the presence of police officers, and the officers are able to recover the evidence with minimal effort, discarding the evidence amounts to 'mere abandonment,' not tampering.

*James,* 586 S.W.3d at 726 (quoting *Hawkins*, 406 S.W. 3d at 133). We found this interpretation to be persuasive, and we adopted this approach where we held:

> [W]here a defendant merely drops, throws down, or abandons drugs in the vicinity of the defendant and in the presence and view of the police, and the officer can quickly and readily retrieve the evidence, the criminal act of concealment or removal has not taken place.

*Id.* at 731.

Applying this interpretation of KRS 524.100 to the case at present we conclude the Commonwealth failed to present sufficient evidence from which a jury could conclude that Bell tampered with physical evidence. Bell was convicted of committing a possessory offense since he illegally possessed synthetic marijuana. He then, in the presence of Sergeant Cardwell, dropped it between his seat and the passenger door. Corporal Cook testified at trial that as soon as he “opened the door, there was a small bag of a green leafy substance that was in between the passenger door and the passenger seat.” And he added, “when I opened the door it was clearly visible. . . .” The evidence at trial clearly demonstrates that Bell knew he was in the presence of officers when he dropped the bindle, and Corporal Cook testified he was able to quickly

5

and easily retrieve the evidence. As such, based upon this evidence a reasonable jury could not conclude Bell's actions rose to the level of "tampering" rather than mere "abandonment" of the evidence. Therefore, the trial court should have granted a directed verdict on the tampering charge at the close of evidence and it was error not to do so.

The Commonwealth cites a number of cases as grounds for why the Court of Appeals' reversal was in error. Some of these are factually distinguishable like *Hunter v. Commonwealth,* 587 S.W.3d 298 (Ky. 2019). In *Hunter,* this Court affirmed the trial court's denial of a directed verdict where defendant ran from police. Police observed defendant prior to the pursuit with a large bulge in his pocket. *Id.* at 301. During the pursuit, officers saw defendant repeatedly try to reach in his pocket. *Id.* Officers lost visual contact during the pursuit and when they apprehended the defendant, his pocket was turned inside out. *Id.* When the police set up a perimeter and searched the area with the assistance of two K-9 units, a handgun was eventually found in the weeds alongside a fence. *Id.* The defendant discarded the handgun while he was *outside* the *presence of the police*, and the officers were not able to *quickly and readily* retrieve the handgun.

The other case the Commonwealth cites predate our decision in *James.* In *Taylor v. Commonwealth,* 987 S.W.2d 302 (Ky. 1998), this Court affirmed the trial court's denial of a directed verdict where the defendant, while sitting in a vehicle in the presence of police, was observed to take a bag containing cocaine and place it underneath his seat. *Id.* at 303. While this case is not "materially

6

indistinguishable" from *Taylor,* as the Commonwealth claims, there are some striking similarities. One marked difference, however, is that in *Taylor,* police had observed the contraband prior to the defendant's act of concealment. *Id.* That is not the case here. Neither officer testified that they observed the synthetic marijuana prior to Bell's discarding of it. One cannot conceal something that is already hidden from view. However, to the extent that the present case conflicts with our holding in *Taylor,* we hereby overrule *Taylor.*

## III.   CONCLUSION

Based on the foregoing, we affirm the Court of Appeals' opinion reversing Bell's conviction for tampering with physical evidence. We remand this case to the trial court for entry of judgment consistent with this opinion.

All sitting. Minton, C.J.; Hughes, Lambert, and Nickell, JJ., concur. Keller and VanMeter, JJ., dissent by separate opinions.

KELLER, J., DISSENTING: I respectfully dissent from the majority's well-written opinion. Although I continue to stand by this Court's decision in *Commonwealth v. James,* 586 S.W.3d 717 (Ky. 2019), I believe that the holding in the case at bar impermissibly extends our holding in that case. I further disagree with the majority's decision to overrule *Taylor v. Commonwealth,* 987 S.W.2d 302 (Ky. 1998), especially given that we explicitly distinguished the facts of *Taylor* from the facts at issue in *James* and declined to overrule *Taylor* in *James.* 586 S.W.3d at 731. In my view, the facts of this case are more analogous to *Taylor* than to *James,* and thus I would reverse the Court of Appeals and reinstate the judgment of the trial court.

7

VANMETER, J., DISSENTING:  I respectfully dissent.  While I acknowledge the majority opinion faithfully adheres to this Court's precedent, *Commonwealth v. James*, 586 S.W.3d 717 (Ky. 2019) and *McGuire v. Commonwealth*, 595 S.W.3d 90 (Ky. 2019), I continue to believe that the majority opinion in those cases misapplied KRS 524.100.  KRS 524.100 contains no requirement that a suspect be in or out of the presence of officers or that the evidence be easily retrievable.  The statute by plain language is satisfied when a suspect a) believing that an official proceeding is pending or may be instituted, b) either conceals or removes physical evidence, and c) has the intent to impair its verity or availability in the official proceeding.  In other words, three elements: belief of an official proceeding, physical act of concealment or removal, and intent to impair verity or availability.  The statute makes no mention of the presence or absence of law enforcement or of how easy or difficult it may be for law enforcement to retrieve the evidence.  The statute does not require successful concealment.

In this case, Bell, as found by the jury, concealed the evidence by moving it from his hand to the area between his seat and door.  And, as seems plainly obvious, his clear intent was to impair its verity or availability in the official proceeding.  *See McGuire,* 595 S.W.3d at 101-06 (Wright, J., concurring in part and dissenting in part)*; James,* 586 S.W.3d at 732-37 (Wright, J., concurring in part and dissenting in part).  As noted by the majority, the fact that Bell knew of the presence of law enforcement supports findings both that he "believe[ed] an official proceeding . . . may be instituted" and that his "***intent*** was to impair

8

[the evidence's] verity or availability at trial."  I would reverse the Court of Appeals and reinstate the Marion Circuit Court's judgement.

One final comment.  Because the facts in this case occurred prior to our decisions in *James* and *McGuire*, I adhere to my view of the statute as expressed hereinabove.  Because this case involves the interpretation of a statute, the legislature has the ability to amend and clarify the meaning of KRS 524.100.  If it does not, then in future cases, we would presume that it has acquiesced in the majority's judicial amendment of KRS 524.100 to incorporate, as elements of the offense, whether law enforcement officers are present and whether the evidence is easily retrievable.  *See Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 651 (Ky. 2017) (stating "the failure of the legislature to change a known judicial interpretation of a statute is extremely persuasive evidence of the true legislative intent.  There is a strong implication that the legislature agrees with a prior court interpretation when it does not amend the statute interpreted[]") (internal quotations and citation omitted).

COUNSEL FOR APPELLANT:

Daniel J. Cameron
Attorney General of Kentucky

Alexander Y. Magera
Deputy Solicitor General

COUNSEL FOR APPELLEE:

Erin Hoffman Yang
Assistant Public Advocate